# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CAPELLA PHOTONICS, INC.,

        Plaintiff.                JURY TRIAL DEMANDED

vs

CISCO SYSTEMS, INC.,

        Defendant.
_____/

**PLAINTIFF CAPELLA PHOTONICS, INC.'S COMPLAINT
FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiff Capella Photonics, Inc. ("Capella"), by and through its counsel, files this complaint for patent infringement and demand for jury trial ("Complaint") against Cisco Systems, Inc. ("Cisco" or "Defendant").

Capella alleges as follows:

**PARTIES**

1. Capella is a Delaware corporation with a principal place of business at 5390 Hellyer Ave, San Jose, CA 95138.

2. On information and belief, Cisco is a California corporation with its principal place of business at 170 West Tasman Dr., San Jose, CA 95134. On information and belief, Cisco has a place of business at 8336 NW 56th St., Doral, FL 33166-4020.

**JURISDICTION AND VENUE**

3. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et. seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1138(a).

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

4.     This court has personal jurisdiction over Cisco at least by virtue of Cisco having engaged in substantial and not isolated business activity in this state and also by having engaged in acts of infringement in this state and specifically in this District.

5.     Defendant is subject to personal jurisdiction by this Court under Florida law, including under Florida's long-arm statute, F.S. 48.193 (1)(a)(1)-(2), and/or (2).

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)-(d) and 1400(b).

## THE PATENTS IN SUIT

7.     Founded in 2000, Capella is a pioneer of optical switching technologies for use in optical transmission networks.  Capella has designed, developed, produced and sold switching devices for optical transmission networks, including its CR50™ and CR100™ products.

8.     As a result of many years of research and development, Capella has been granted an extensive portfolio of patents, including but not limited to those in suit.

9.     Capella is the owner of United States Patent No. RE42,368 (the "'368 patent"), titled Reconfigurable Optical Add-Drop Multiplexers with Servo Control and Dynamic Spectral Power Management Capabilities.  The '368 patent was lawfully and duly issued on May 17, 2011.  The '368 patent is a reissue of United States Patent No. 6,879,750.  A true and correct copy of the '368 patent is attached hereto as **Exhibit A**.

10.    Capella is the owner of United States Patent No. RE42,678 (the "'678 patent"), titled Reconfigurable Optical Add-Drop Multiplexers with Servo Control and Dynamic Spectral Power Management Capabilities.  The '678 patent was lawfully and duly issued on September 6, 2011.  The '678 patent is a reissue of United States Patent No. RE39,397, which is a reissue of United States Patent No. 6,625,346.  A true and correct copy of the '678 patent is attached hereto as **Exhibit B**.

11.     Capella holds the right to sue and to recover damages for infringement, including past infringement, of each of the '368 and '678 patents (collectively, the "Patents-in-Suit").

## FACTUAL BACKGROUND

12.     Optical fiber is used by telecommunications companies to transmit telephone signals, Internet communications, and cable television signals.  Optical fiber is a fast and efficient medium for conducting data in the form of light.  Various wavelengths of light travel along optical fiber at the same time, with each wavelength carrying specific data intended for delivery to a specific location.  An optical fiber is able to carry Internet traffic, cellular communications, and digital television transmissions simultaneously by using different wavelengths of light to carry the data.

13.     Networks using optical fiber cover Florida and span the United States.  Networks on a continent or within a country form a grid.  Line segments of fiber optic cable intersect at hubs or nodes.  At these hubs or nodes, there are switching devices.  In modern networks, such as those traversing Florida and the United States, switching is accomplished in the optical domain by a reconfigurable optical add drop module ("ROADM").

14.     ROADMs are the backbone of advanced fiberoptic networks because they route, or switch, signals traveling along fiber optic cables in the directions they need to go.  The switching occurs on the wavelength level, which means that a ROADM can separate all the wavelengths of light entering the device and direct them to go in different directions depending on the ROADM's configuration.  ROADMs can drop certain wavelengths from a fiber altogether, if so directed, and can also add new wavelengths onto fibers.  ROADMs can also control flow across fiber optic cables.  If traffic along one cable is particularly heavy at certain times, then a ROADM can manage that load by sending traffic along one fiber at certain times and another fiber at other times.

15. The development of ROADMS and their subsequent introduction into networks enabled video to be sent over the Internet. Before ROADMs, service providers had to use Optical to Electrical to Optical switches ("OEO switches), which meant that data carried along optical cables had to be converted into electrical signals to be routed. In addition, OEO switches were very slow and expensive and took up space the size of a refrigerator. The service providers' introduction of ROADMs into their networks in about 2005 changed this, by allowing video to be transmitted at the speed of light through the ROADM instead of at the speed of electronics which is about 1000 times slower. The cost was also reduced significantly and the size changed from a refrigerator to a small book.

16. As their name suggests, ROADMs are reconfigurable, which means that they can be adjusted to send traffic or wavelengths in different directions at different times.

17. To ensure network reliability, ROADMs are subjected to a lengthy approval process before they are deployed. In addition, for most networks, more than one vendor is selected. As a result, the ROADMs that are selected for use in optical networks in the United States tend to be interchangeable on one or more levels.

18. On information and belief, Defendant supplies ROADMs for optical networks deployed in Florida and specifically in this District.

## COUNT I
### (Infringement of the '368 Patent)

19. Paragraphs 1-18 are incorporated by reference as if fully set forth herein.

20. Capella is informed and believes, and thereon alleges, that Cisco has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '368 patent by making, using, selling, offering to sell and/or importing optical ROADM products that incorporate a wavelength selective switch ("WSS"), including but not limited to Cisco's

ONS 15454 MSTP, which offers a fully integrated ROADM solution (further described at www.cisco.com/en/US/prod/collateral/optical/ps5724/ps2006/ps5320/product_data_sheet0900aecd803fc52f_ps13234_Products_Data_Sheet.html), Cisco's NCS 2000, and Cisco's ONS 15200 ("the Infringing Products").

21. Capella has suffered and will continue to suffer damage as a result of Defendant's infringement of the '368 patent in an amount to be proven at trial.

22. Upon information and belief, any manufacturing, sales, offers for sale, uses, or importation by Defendant of the Infringing Products reflects a deliberate and conscious decision to infringe the '368 patent or, at the very least, a reckless disregard of Capella's patent rights. Defendant's infringement after that date has been willful and Capella is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

23. Defendant will continue to infringe the '368 patent unless and until it is preliminarily and permanently enjoined by this Court.

24. Defendant's acts of infringement have caused and will continue to cause irreparable harm to Capella unless and until Defendant is enjoined by this Court.

## COUNT II
### (Infringement of the '678 Patent)

25. Paragraphs 1-18 are incorporated by reference as if fully set forth herein.

26. Capella is informed and believes, and thereon alleges, that Defendant has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '678 patent by making, using, selling, offering to sell and/or importing optical ROADM products that incorporate a wavelength selective switch ("WSS"), including but not limited to the Infringing Products.

5

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

27.     Capella has suffered and will continue to suffer damage as a result of Defendant's infringement of the '678 patent in an amount to be proven at trial.

28.     Upon information and belief, any manufacturing, sales, offers for sale, uses, or importation by Defendant of the Infringing Products reflects a deliberate and conscious decision to infringe the '678 patent or, at the very least, a reckless disregard of Capella's patent rights. Defendant's infringement after that date has been willful and Capella is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

29.     Defendant will continue to infringe the '678 patent unless and until it is preliminarily and permanently enjoined by this Court.

30.     Defendant's acts of infringement have caused and will continue to cause irreparable harm to Capella unless and until Defendant is enjoined by this Court.

## EXCEPTIONAL CASE

31.     The allegations contained in paragraphs 1-30 above are repeated and realleged as if fully set forth herein.

32.     Based on, among other things, the facts alleged in paragraphs 1-30, including Defendant's intentional use of the Patents-in-Suit, Defendant's knowledge of its infringement, and Defendant's continued direct and/or indirect infringement, this case is exceptional under 35 U.S.C. § 285, and Capella is entitled to its reasonable costs and expenses of litigation.

## REQUEST FOR RELIEF

WHEREFORE, Capella respectfully requests that this Court enter a judgment:

(a)     Declaring that Cisco has infringed the '368 patent;

(b)     Declaring that Cisco has infringed the '678 patent;

6

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

(c) Awarding Capella damages adequate to compensate it for Cisco's past infringement and any continuing or future infringement of the Patents-in-Suit up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to compensate Capella for Cisco's infringement adequately, an accounting;

(d) An order preliminarily and permanently enjoining Cisco and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, from further acts of infringement of the Patents-in-Suit;

(e) Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding Capella its reasonable costs and expenses of litigation, including attorneys' and experts' fees; and

(f) Awarding Capella such equitable, other, different, and additional relief as this Court deems equitable and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Capella hereby demands trial by jury on all claims and issues so triable.


Date:  February 12, 2014          Respectfully submitted,

                                  **LOTT & FISCHER, PL**

                                  s/ Ury Fischer
                                  Ury Fischer
                                  Florida Bar No. 048534
                                  E-mail: ufischer@lottfischer.com
                                  Leslie J. Lott
                                  Florida Bar No. 182196
                                  E-mail: ljlott@lottfischer.com
                                  Adam Diamond
                                  Florida Bar No. 091008

E-mail: adiamond@lottfischer.com
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Telephone: (305) 448-7089
Facsimile: (305) 446-6191

and

Robert D. Becker*
California Bar No. 160648
E-mail: rbecker@manatt.com
Susanna L. Chenette*
California Bar No. 257914
E-mail: schenette@manatt.com
**MANATT, PHELPS & PHILLIPS, LLP**
1841 Page Mill Road, Suite 200
Palo Alto, CA  94304
Telephone:     (650) 812-1300
Facsimile:     (650) 213-0260
*\* pro hac admission to be sought*

***Attorneys for Plaintiff Capella Photonics, Inc.***