# EXHIBIT M



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 26111 | 7590 | 11/08/2019 |
|---|---|---|

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HUGHES, DEANDRA M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

DATE MAILED: 11/08/2019

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/023,127 | 06/29/2018 | Tai CHEN | 3564.014REI0 | 4945 |

TITLE OF INVENTION: RECONFIGURABLE OPTICAL ADD-DROP MULTIPLEXERS WITH SERVO CONTROL AND DYNAMIC SPECTRAL POWER MANAGEMENT CAPABILITIES

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1000 | $0.00 | $0.00 | $1000 | 02/10/2020 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. **PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN **THREE MONTHS** FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. **THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

# PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via EFS-Web.

| | |
|---|---|
| By mail, send to: | Mail Stop ISSUE FEE<br>Commissioner for Patents<br>P.O. Box 1450<br>Alexandria, Virginia 22313-1450 |
| By fax, send to: | (571)-273-2885 |

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

```
26111          7590          11/08/2019
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005
```

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via EFS-Web or by facsimile to (571) 273-2885, on the date below.

_____ (Typed or printed name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/023,127 | 06/29/2018 | Tai CHEN | 3564.014REI0 | 4945 |

TITLE OF INVENTION: RECONFIGURABLE OPTICAL ADD-DROP MULTIPLEXERS WITH SERVO CONTROL AND DYNAMIC SPECTRAL POWER MANAGEMENT CAPABILITIES

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1000 | $0.00 | $0.00 | $1000 | 02/10/2020 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HUGHES, DEANDRA M | 3992 | 385-024000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

   ❏ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

   ❏ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-09 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
   (1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
   (2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

   1 _____
   2 _____
   3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

   PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

   (A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ❏ Individual ❏ Corporation or other private group entity ❏ Government

4a. Fees submitted:  ❏ Issue Fee  ❏ Publication Fee (if required)  ❏ Advance Order - # of Copies _____

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*

   ❏ Electronic Payment via EFS-Web   ❏ Enclosed check   ❏ Non-electronic payment by credit card (Attach form PTO-2038)

   ❏ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. _____

5. **Change in Entity Status** (from status indicated above)

   ❏ Applicant certifying micro entity status. See 37 CFR 1.29

   ❏ Applicant asserting small entity status. See 37 CFR 1.27

   ❏ Applicant changing to regular undiscounted fee status.

   NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
   NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
   NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____    Date _____

Typed or printed name _____    Registration No. _____



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/023,127 | 06/29/2018 | Tai CHEN | 3564.014REI0 | 4945 |

26111    7590    11/08/2019
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| HUGHES, DEANDRA M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

DATE MAILED: 11/08/2019

# Determination of Patent Term Extension or Adjustment under 35 U.S.C. 154 (b)

A reissue patent is for "the unexpired part of the term of the original patent." See 35 U.S.C. 251. Accordingly, the above-identified reissue application is not eligible for Patent Term Extension or Adjustment under 35 U.S.C. 154(b).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

# OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:
1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| Notice of Allowability | Application No. 16/023,127 | Applicant(s) CHEN et al. |
|---|---|---|
| | Examiner DEANDRA M HUGHES | Art Unit 3992 / AIA (FITF) Status No |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*
All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to 10/23/19.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are 23-39,42-55 and 57. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see **http://www.uspto.gov/patents/init_events/pph/index.jsp** or send an inquiry to **PPHfeedback@uspto.gov.**

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All  b) ☐ Some  *c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.
   ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.
   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____.
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material _____.
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date. _____.
5. ☐ Examiner's Amendment/Comment
6. ☑ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____.

/DEANDRA M HUGHES/
Reexamination Specialist, Art Unit 3992

# NOTICE OF ALLOWANCE

## *Acknowledgements*

1. This notice of allowance addresses reissue U.S. Application No. 16/023,127 ("instant application" or "R2") filed on Jun. 29, 2018, which is a reissue application of U.S. Patent No. RE42,368E ("'368 Patent" or "R1") issued May 17, 2011 with <u>claims 1-22</u> ("Patented Claims").

2. R1 was filed on Jun. 15, 2010 as U.S. Application No. 12/816,084 ("084 Application"), titled "RECONFIGURABLE OPTICAL ADD-DROP MULTIPLEXER WITH SERVO CONTROL AND DYNAMIC SPECTRAL POWER MANAGEMENT CAPABILITIES."

3. The '368 Patent is a reissue of USP 6,879,750 ("'750 Patent") filed on Dec. 22, 2003 and issued on Apr. 12, 2005.

4. The '750 Patent is a continuation of USP 6,687,431 ("'431 Patent") filed on Nov. 7, 2001 and issued on Feb. 3, 2004.

5. The '431 Patent is a continuation of USP 6,625,346 ("'346 Patent") filed on Aug. 23, 2001 and issued on Sept. 23, 2003.

6. Examiners find the following litigation involving the '368 Patent.
    - Capella Photonics, Inc. v. Tellabs, Inc. 0:14cv60350
    - Capella Photonics, Inc. v. Columbus Networks USA, Inc. 0:14cv61629
    - Capella Photonics, Inc. v. Cisco Systems, Inc. 1:14cv20529
    - Capella Photonics, Inc. v. Ciena Corporation 1:14cv20530
    - Capella Photonics, Inc. v. Fujitsu America, Inc. 1:14cv20531
    - Capella Photonics, Inc. v. Telefonica International Wholesale Services USA 1:14cv22701
    - Capella Photonics, Inc. v. Cisco Systems, Inc. 3:14cv3348
    - Capella Photonics, Inc. v. Fujitsu Network Communications, Inc. 3:14cv3349
    - Capella Photonics, Inc. v. Tellabs, Inc. 3:14cv3350

7.      Examiners find the following previous *Inter Partes* Reviews for the '368 Patent, IPR2014-01166, IPR205-00816, IPR2015-00726, IPR2015-01958, IPR2015-00731, IPR2015-01969 which were merged into IPR2014-01166 and issued *Inter Partes* Review Certificate (Trial No. IPR2014-01166) on Dec. 10, 2018 cancelling claims 1-6, 9-13, and 15-22 of the '368 Patent.

8.      The claim amendments filed July 30, 2019 ("JULY 2019 CLAIM AMENDMENTS") cancelled claims 1-22, 40-41, and 56. Thus, claims 23-39, 42-55, and 57 are pending and grouped as follows:

- claims 23-36, 45-49, 52-55, and 57;
- claims 37 and 50;
- claims 38 and 51;
- claims 39 and 42-44.

### *Priority Claims*

9.      Examiners find the instant application is claiming domestic priority under 35 U.S.C. § 119(e) to U.S. App. No. 60/277,217 filed on Mar. 19, 2001.

10.     Examiners find the instant application does not claim foreign priority.

11.     In the previous office action, Examiners found the earliest effective filing date for the '368 Patent was Aug. 23, 2001, which is the filing date of the '346 Patent, because of a new matter issue, which has been obviated by the JULY 2019 CLAIM AMENDMENTS. In view of the JULY 2019 CLAIM AMENDMENTS, Examiners find the earliest effective filing date of the instant application is Mar. 19, 2001.

*Response to Remarks filed October 23, 2019*

*--Defective Reissue Declaration--*

12.     Applicant's statement in the remarks under 37 CFR 1.175(f)(2) has overcome the §251 rejection for a defective reissue declaration (see Remarks pg. 13). Thus, the rejection is withdrawn.

*--Claim Rejections - 35 USC § 103--*

13.     The OCTOBER 2019 CLAIM AMENDMENTS have overcome these claim rejections because the allowable subject matter of claim 41 and intervening claim 40 have been incorporated into base claim 39. Thus, the §103 rejections of claims 39-40 and 42-44 are withdrawn.

*Allowable Subject Matter*

14.     As to claims 23-36, 45-49, 52-55, and 57, the prior art does not disclose or make obvious "*[a]n optical add-drop apparatus comprising an output port and fiber collimators serving as an input port..., the apparatus comprising:...the fiber collimator input port for an input multi-wavelength optical signal having first spectral channels; the fiber collimator one or more other ports for second spectral channels...a spatial array of beam-deflecting elements...to reflect its corresponding spectral channel to a selected one of said output port or the fiber collimator selected port...*" in combination with the other limitations of the claims.

15.     As to claims 37 and 50, the prior art does not disclose or make obvious "*[a]n optical add-drop apparatus, comprising a fiber collimator serving as an input port for an input multi-wavelength optical signal having multiple spectral channels...one or more fiber collimators serving as one or more drop ports for selected spectral channels*

*dropped from said multi-wavelength signal,…a spatial array of beam-deflecting elements…to reflect its corresponding spectral channel to a selected one of said output port or the fiber collimators serving as said ports…"* in combination with the other limitations of the claims.

16. As to <u>claims 38 and 51</u>, the prior art does not disclose or make obvious *"[a]n optical add-drop apparatus, comprising a fiber collimator serving as an input port for an input multi-wavelength optical signal having multiple spectral channels…one or more fiber collimators serving as one or more add ports for selected spectral channels added to said multi-wavelength signal,…a spatial array of beam-deflecting elements…to reflect its corresponding spectral channel to a selected one of said output port or the fiber collimators serving as said ports, whereby said spectral channels from said fiber collimators serving as said add ports are selectively provided to said output port"* in combination with the other limitations of the claims.

17. As to <u>claim 39 and 42-44</u>, the prior art does not disclose or make obvious *"[a] method of performing dynamic add and drop into a WDM optical network…wherein said controlling comprises reflecting said non-selected ones of said spectral channels to one or more fiber collimator serving as drop ports"* in combination with the other limitations of the claims.

## Conclusion

18. Any inquiry concerning this communication or earlier communications from the Examiner, or as to the status of this proceeding, should be directed to Deandra M. Hughes at (571) 272-6982, SPE Andrew Fischer at (571) 272-6779, or the Central Reexamination Unit at (571) 272-7705.

Signed:

/DEANDRA M HUGHES/
Reexamination Specialist, Art Unit 3992

Conferees:

/JAMES A MENEFEE/
Primary Examiner, Art Unit 3992

/HBP/