Robert D. Becker (CA Bar No. 160,648)
*rbecker@manatt.com*
Christopher L. Wanger (CA Bar No. 164,751)
*cwanger@manatt.com*
Hilary A. Soloff (CA Bar No. 314,727)
*hsoloff@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Charles A. Kertell (CA Bar No. 181,214)
*ckertell@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
Telephone: (714) 371-2500
Facsimile: (714) 371-2550

Attorneys for Defendant,
CAPELLA PHOTONICS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CAPELLA PHOTONICS, INC.,<br><br>Defendant. | Case No. 3:20-cv-01858-EMC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br><br>Hearing Date: June 18, 2020<br>Time: 1:30 p.m.<br>Courtroom: 5 (17th Floor)<br><br>Hon. Edward M. Chen |

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF CISCO SYSTEMS, INC. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 18, 2020 at 1:30 p.m., or as soon thereafter as this matter may be heard in the above-identified Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, defendant Capella Photonics, Inc. ("Capella") will and hereby does move this Court for an Order, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing all counts/claims asserted by plaintiff Cisco Systems, Inc. ("Cisco") in its March 16, 2020 Complaint for Declaratory Relief.  Capella seeks dismissal of these counts/claims given Cisco's failure under Federal Rule of Civil Procedure 8 and the pleading requirements set forth by the U.S. Supreme Court in *Twombly*/*Iqbal*: (1) to specifically identify the conduct at issue for which Cisco seeks clearance, including the specific products/versions at issue up to 2014 (and if applicable after 2014) and the date and country of their manufacture and sale; (2) to identify the specific patent claims at issue for each such specific product/version; and (3) to provide the necessary factual support for each of their extremely broad allegations of non-infringement.  In the alternative, Capella will and hereby does move this Court for an Order, pursuant to Federal Rule of Civil Procedure 12(e), for a more definite statement of Cisco's alleged counts/claims – as Cisco's Complaint is currently so vague and ambiguous that Capella cannot prepare a meaningful response.  Capella's motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and other documents on file in this action, and such other evidence and argument as may be presented at the hearing on this motion.

Dated:  May 11, 2020          MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Robert D. Becker*
    Robert D. Becker

Attorneys for Defendant
CAPELLA PHOTONICS, INC.

# TABLE OF CONTENTS

Page

I. Issues To Be Decided ........................................................................................................... 1
II. Introduction ........................................................................................................................... 1
III Statement of Facts ................................................................................................................. 2
    A. Cisco's Count I:  Capella's U.S. Patent No. RE47,905 ............................................ 2
        1. Paragraphs 4 & 8-11 ..................................................................................... 2
        2. Paragraph 22 ................................................................................................ 3
        3. Paragraph 36 ................................................................................................ 3
    B. Cisco's Count II:  Capella's U.S. Patent No. RE47,906 ........................................... 4
        1. Paragraphs 5 & 8-11 ..................................................................................... 4
        2. Paragraph 33 ................................................................................................ 4
        3. Paragraph 40 ................................................................................................ 5
IV. Governing Legal Standard .................................................................................................... 5
V. Argument .............................................................................................................................. 6
    A. **Cisco's Complaint Should Be Dismissed For Failure To Specifically Identify The Conduct For Which It Seeks Clearance** ............................................ 6
    B. **Cisco's Complaint Should Be Dismissed For Failure To Identify The Specific Patent Claims At Issue For Each Specific Product** .................................. 7
    C. **Cisco's Complaint Should Be Dismissed For Failure To Provide The Required Factual Bases For Its Conclusory Allegations Of Non-Infringement** ............................................................................................................ 7
        1. Literal Infringement ..................................................................................... 7
        2. Indirect Infringement/Infringement Under Doctrine Of Equivalents ......... 8
    D. Cisco Cannot Rely On Prior Proceedings Or Subsequent Disclosures .................... 9
    E. Capella Alternatively Requests Cisco Provide A More Definite Statement ........... 9
VI. Conclusion ........................................................................................................................ 10

# TABLE OF AUTHORITIES

Page

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................. 1, 5-9

*Aster Graphics, Inc. v. Static Control Components, Inc.*,
   2018 WL 2425973 (C.D. Cal. 2018 February 12, 2018) ................................................. 8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................. 1, 5-9

*Comcast Cable Communications, LLC v. OpenTV, Inc.*,
   319 F.R.D. 269 (N.D. Cal. 2017) ..................................................................................... 8

*Core Optical Technologies, LLC v. Fujitsu Network Communications, Inc.*, 2016 WL
   7496742 (C.D. Cal., July 8, 2016) ................................................................................... 7

*Infineon Technologies AG v. Volterra Semiconductor Corp.*,
   2013 WL 12174301 (N.D. Cal. February 7, 2013) .......................................................... 6

*Juno Therapeutics, Inc. v. Kite Pharma*,
   2018 WL 1470594 (C.D. Cal. March 8, 2018) ................................................................ 9

*PageMelding, Inc. v. ESPN, Inc.*,
   2012 WL 3877686 (N.D. Cal. September 6, 2012) ......................................................... 8

*Summers Manufacturing Co. v. Tri-County AG*, LLC,
   300 F. Supp.3d 1025 (S.D. Iowa 2017) ......................................................................... 8-9

*Taurus IP, LLC v. Ford Motor Co.*,
   539 F. Supp.2d 1122 (S.D. Iowa 2017) .......................................................................... 10

*Winstron Corp. v. Phillip M. Adams & Associates, LLC*,
   2011 WL 1654466 (N.D. Cal. April 28, 2011) ................................................................ 6

*Xilinx, Inc. v. Invention Investment Fund I LP*,
   2011 WL 3206686 (N.D. Cal. July 27, 2011) .................................................................. 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Issues To Be Decided

1.  Does a Complaint seeking a declaration of patent non-infringement state a claim under Federal Rule of Civil Procedure 12(b)(6) if it: (1) fails to specify the products/versions that allegedly do not infringe; (2) fails to identify the patent claims at issue for each product/version; and (3) fails to provide the factual bases for its conclusory allegations of non-infringement?

2.  Should a plaintiff seeking a declaration of patent non-infringement be required to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) when its Complaint is so vague, ambiguous, and devoid of factual support as to prevent the defendant from providing a meaningful response?

## II.  Introduction

Cisco's Complaint against Capella seeks an extraordinarily broad declaration that Cisco "has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, or in any other manner, any claim" of Capella's U.S. Patent No. RE47,905 ("the '905 Patent") or Capella's U.S. Patent No. RE47,906 ("the '906 Patent"). The Complaint should be dismissed in its entirety given Cisco's failure to adequately plead either of its two counts/claims in accordance with the requirements of *Twombly*/*Iqbal*. *See* Fed.R.Civ.P. 8 & 12(b)(6). The law is clear that, in an action such as this for declaratory judgment concerning claims for patent non-infringement, the Complaint must specify the products or conduct alleged not to infringe, the specific patent claims at issue, and the factual bases for the allegations of non-infringement. Cisco's Complaint fails to meet these requirements.

First, Cisco fails to specifically identify the conduct for which Cisco seeks clearance, including any specific product configurations or versions at issue up to 2014 (and if applicable after 2014) and the date and country of their manufacture and sale. Second, Cisco fails to identify the specific patent claims at issue for each such product/version. Third, Cisco fails to provide any <u>factual support</u> for its allegations of non-infringement. Conclusory assertions like Cisco's of no literal infringement (that merely quote claim language and summarily declare those limitations are not met by one or more unidentified product configurations, without providing any factual

explanation as to how/why those limitations are purportedly absent from each product) have been repeatedly rejected by the courts, including a recent opinion from this judicial district. Indeed, Cisco's "boilerplate" pleading is particularly deficient here given the complete absence of any factual allegations concerning the structure and/or operation of its own products. And, Cisco makes no attempt to plead the elements of no indirect infringement and/or infringement under the doctrine of equivalents (let alone provide the requisite factual support). Finally, although dismissal for failure to state a claim is warranted, Capella alternatively requests that Cisco be ordered to provide a more definite statement to the extent the Court concludes dismissal of any count/claim is inappropriate. *See* Fed.R.Civ.P. 12(e).

### III. Statement of Facts

#### A. Cisco's Count I: Capella's U.S. Patent No. RE47,905

In Count I of its Complaint, Cisco seeks a declaration that it "has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, or in any other manner, any claim of the '905 Patent." (Dkt. 1, ¶36 & Prayer A). However, as referenced above, Cisco does not specifically identify the conduct allegedly at issue, including the specific product configuration/patent claim combinations for which it seeks clearance. Cisco also fails to provide any factual support for its broad assertion of non-infringement. In fact, only a small handful of paragraphs are relevant to the request for declaratory judgment and the present motion.

##### 1. Paragraphs 4 & 8-11

Cisco begins by alleging that Capella filed a previous lawsuit against Cisco (on February 12, 2014) for infringement of U.S. Patent No. RE42,368 by "Cisco's ONS 15454 MSTP, NCS 2000, and ONS 15200 products" (defined by Cisco in its present Complaint as the "Allegedly Infringing Cisco Products"). (Dkt. 1, ¶¶4 & 8-11). However, Cisco omits any facts or other information concerning which version or versions of these or any other "products" and the specific configurations for which it seeks clearance (as they existed in 2014, as they exist now, and/or as they existed at any other time). Cisco also fails to provide any facts or information concerning the structure/operation or date and country of manufacture/sale of the products in question. Indeed, Cisco is even evasive as to which specific "Allegedly Infringing Cisco

Products" are still being manufactured and/or sold and, if so, whether they have been or are being manufactured and/or sold in the United States. (Dkt. 1, ¶11). These deficiencies are critical because Cisco sells and has sold myriad configurations and versions of its products in the United States and around the world, and by its Complaint apparently now seeks a blanket clearance from this Court.

### 2. Paragraph 22

Cisco next broadly alleges, in Paragraph 22 of its Complaint, that it does not infringe any claim of Capella's '905 Patent – without limiting its assertion to any specific conduct or product configurations and without identifying the specific patent claims at issue. (Dkt. 1, ¶22). Cisco then attempts to support its conclusory allegation by merely quoting language from unidentified claims of the '905 Patent and summarily declaring that one or more of the "Allegedly Infringing Products" do not meet that language. Specifically, Paragraph 22 of Cisco's Complaint states:

> Cisco does not infringe any claim of the '905 Patent for at least the reason that any alleged "beam-deflecting elements" in the Allegedly Infringing Cisco Products are not "individually and continuously controllable in two dimensions" or "control[ed] dynamically and continuously…in two dimensions" as required by the claims of the '905 Patent. In addition, Cisco does not infringe any claim of the '905 Patent for at least the reason that Allegedly Infringing Cisco Products do not have "fiber collimator…port[s]." In addition, Cisco does not infringe any claim of the '905 Patent for certain Allegedly Infringing Cisco Products, because those products do not contain any element that can be reasonably alleged to constitute a "beam-deflecting element" as required by the claims of the '905 Patent.

*Id*.

### 3. Paragraph 36

Lastly, in Paragraph 36 of its Complaint, Cisco confirms that its allegations and requested relief are not limited to literal infringement, but instead extend to indirect infringement (*e.g.*, contributory infringement; inducement) and direct infringement under the doctrine of equivalents. Cisco seeks an extraordinarily broad declaration of non-infringement encompassing all of these legal theories: (1) without identifying any products or components as having substantial non-infringing uses (let alone providing factual allegations concerning any such non-infringing uses); (2) without setting forth any factual allegations that plausibly relate to inducement (*e.g.*, lack of a direct infringer; no knowledge of the patent); and (3) without identifying any purported non-

equivalent structures (let alone providing factual allegations concerning the function and operation of any such structures).

### B. Cisco's Count II: Capella's U.S. Patent No. RE47,906

In Count II of its Complaint, Cisco seeks a declaration that it "has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, or in any other manner, any claim of the '906 Patent." (Dkt. 1, ¶40 & Prayer A). However, Cisco again fails to identify the specific conduct at issue, including the specific product/patent claim combinations for which it seeks clearance, and proffers only conclusory allegations that are completely devoid of factual support. In fact, Cisco largely repeats the exact same allegations discussed above in connection with the '905 Patent.

#### 1. Paragraphs 5 & 8-11

Cisco begins by alleging that Capella's 2014 lawsuit further included claims for infringement of U.S. Patent No. RE42,678 by the "Allegedly Infringing Cisco Products." (Dkt. 1, ¶¶5 & 8-11). However, Cisco again omits any facts or other information concerning which version or versions of these or any other "products" and the specific configurations for which it seeks clearance (as they existed in 2014, as the exist now, and/or as they existed at any other time). Cisco also fails to provide any facts or information concerning their structure/operation or date and country of manufacture/sale. Indeed, Cisco is even evasive as to which specific "Allegedly Infringing Cisco Products" are still being manufactured and/or sold and, if so, whether they have been or are being manufactured and/or sold in the United States. (Dkt. 1, ¶11).

#### 2. Paragraph 33

Cisco next broadly alleges, in Paragraph 33 of its Complaint, that it does not infringe any claim of Capella's '906 Patent – again without limiting its assertion to any specific conduct or product configurations and without identifying the specific patent claims at issue. (Dkt. 1, ¶33). Cisco then attempts to support its conclusory allegation by merely quoting language from unidentified patent claims of the '906 Patent and summarily declaring that one or more of the "Allegedly Infringing Products" do not meet that language (just as it did in Paragraph 22 in connection with the '905 Patent). Specifically, Paragraph 33 of Cisco's Complaint states:

> Cisco does not infringe any claim of the '906 Patent for at least the reason that any alleged "micromirror" in the Allegedly Infringing Cisco Products is not "pivotal about two axes and…individually and continuously controllable" or "individually and continuously controllable," or "dynamically and continuously control[led]…in two dimensions," as required by the claims of the '906 Patent.  In addition, Cisco does not infringe any claim of the '906 Patent for at least the reason that Allegedly Infringing Cisco Products do not have "fiber collimator…port[s]."  In addition, Cisco does not infringe any claim of the '906 Patent for certain of the Allegedly Infringing Cisco Products, because those products do not contain any element that can be reasonably alleged to constitute a "micromirror" as required by the claims of the '906 Patent.

*Id*.

### 3. Paragraph 40

Lastly, in Paragraph 40 of its Complaint, Cisco confirms that its allegations concerning the '906 Patent (like those in Paragraph 36 concerning the '905 Patent) are not limited to literal infringement, but further include indirect infringement (*e.g.*, contributory infringement; inducement) and direct infringement under the doctrine of equivalents.  Cisco is also again seeking an extraordinarily broad declaration encompassing all of these legal theories: (1) without identifying any products or components as having substantial non-infringing uses (let alone providing factual allegations concerning any such non-infringing uses); (2) without setting forth any factual allegations that even plausibly relate to inducement (*e.g.*, lack of a direct infringer; no knowledge of the patent); and (3) without identifying any purported non-equivalent structures (let alone providing factual allegations concerning the function and operation of any such structures).

## IV. Governing Legal Standard

Since the abrogation of Form 18 to the Federal Rules of Civil Procedure on December 1, 2015, the applicable pleading standard under Federal Rule of Civil Procedure 8 is set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Under that standard, "[t]o survive a motion to dismiss, a complaint must contain sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 570)(emphasis added).  Moreover, although a court deciding a motion to dismiss must accept as true all factual allegations in the Complaint, it is not bound to accept as true legal conclusions couched as factual allegations.  Thus, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere <u>conclusory statements</u>, do not suffice." *Id*. (emphasis added); *see also*, *Twombly*, 550 U.S. at 555, 557 (Rule 8 requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do;" "naked assertion[s]" lacking "further factual enhancement" are insufficient).

V.   **Argument**

  A. **Cisco's Complaint Should Be Dismissed For Failure To Specifically Identify The Conduct For Which It Seeks Clearance**

  While Cisco's Complaint mentions three "products" from a 2014 pleading from a prior suit by Capella (*i.e.*, "Cisco's ONS 15454 MSTP, NCS 2000, and ONS 15200 products")(now defined by Cisco as the "Allegedly Infringing Cisco Products"), Cisco's present counts/claims for declaratory judgment are plainly not limited to those "products."  (Dkt. 1, ¶¶36 & 40)(Dkt. 1, p. 10)("Cisco prays for…[a] declaration that Cisco has not infringed and does not infringe, in any manner, any of the claims of the '905 Patent or the '906 Patent").  Counts I & II should therefore be dismissed, at least to the extent they purport to include additional, unidentified "products." *See*, *e.g.*, *Xilinx, Inc. v. Invention Investment Fund I LP*, 2011 WL 3206686 at *6-7 (N.D. Cal. July 27, 2011)("In an action for declaratory judgment concerning claims for patent non-infringement, the pleading must specify the products or conduct alleged not to infringe;" opinion issued even before abrogation of Form 18); *Winstron Corp. v. Phillip M. Adams & Associates, LLC*, 2011 WL 1654466 at *12 (N.D. Cal. April 28, 2011); *Infineon Technologies AG v. Volterra Semiconductor Corp.*, 2013 WL 12174301 at *1 (N.D. Cal. February 7, 2013).

  Even with respect to the three "products" Cisco does mention, its Complaint is deficient and should be dismissed, at least to the extent Cisco has failed to plead the specific <u>conduct</u> for which it seeks clearance.  This includes an identification of the specific configuration and variant(s) of each "Allegedly Infringing Cisco Product[]" at issue up to 2014 (and if applicable after 2014), along with an identification of the date(s) and county of manufacture and sale of each such variant.

  Cisco's Complaint is also deficient in that it never alleges that it manufactured, imported, used, offered for sale, and/or sold any products in the United States.  In fact, Cisco's intentionally

Case No. 3:20-cv-01858-EMC    6    Defendant's Motion to Dismiss or, in the Alternative, for a More Definite Statement

Manatt, Phelps & Phillips, LLP
Attorneys At Law
San Francisco

evasive language suggests that one or more of these "products" may no longer be manufactured, imported, used, offered for sale, and/or sold by Cisco in the United States or perhaps anywhere in the world.  (Dkt. 1, ¶11)("Cisco continues to make and sell <u>certain</u> of the Allegedly Infringing Cisco Products")(emphasis added).

### B. Cisco's Complaint Should Be Dismissed For Failure To Identify The Specific Patent Claims At Issue For Each Specific Product

Counts I & II of Cisco's Complaint should also be dismissed for failure to identify which specific claims of the '905 and '906 Patents are at issue.  While Cisco generically seeks clearance for "all claims" of those patents (Dkt. 1, ¶¶36 & 40), it fails to identify the specific patent claims actually at issue for each different Cisco product/version.  *See, e.g.*, *Core Optical Technologies, LLC v. Fujitsu Network Communications, Inc.*, 2016 WL 7496742 at *3 (C.D. Cal., July 8, 2016) (dismissing counterclaim asserting non-infringement given ambiguity as to which products and/or patent claims were at issue).

### C. Cisco's Complaint Should Be Dismissed For Failure To Provide The Required Factual Bases For Its Conclusory Allegations Of Non-Infringement

In addition to Cisco's failure to specifically identify the product configurations/patent claim combinations at issue, Counts I & II of Cisco's Complaint should be dismissed for failing to support its extremely broad assertions of non-infringement with any factual support (as required by *Twombly/Iqbal*).  This is true, not only with respect to Cisco's conclusory allegations directed to literal infringement, but also for Cisco's equally conclusory allegations concerning indirect infringement and direct infringement under the doctrine of equivalents.

#### 1. Literal Infringement

Cisco alleges that it has not infringed Capella's '905 and '906 Patents "directly or indirectly, literally or under the doctrine of equivalents, or in any other manner..." (Dkt. 1, ¶¶36 & 40).  However, Cisco fails to provide any factual support for the portion of this broad and conclusory assertion concerning literal infringement – let alone factual support sufficient to satisfy *Twombly* and *Iqbal*.  Cisco's two largely identical paragraphs (one for each patent) merely identify three purported claim limitations (without identifying the specific patent claims) and

summarily declare those limitations absent from one or more of the "Allegedly Infringing Cisco Products." (Dkt. 1, ¶¶22 & 33).  Such evasive, "boilerplate" pleading has repeatedly been held inadequate – as a Complaint for declaratory judgment of non-infringement must go beyond such conclusory statements that a product fails to meet the elements of infringement and set forth factual allegations showing <u>how</u> each accused product <u>specifically</u> does not meet the referenced claim limitations.[1]  *See*, *e.g.*, *Comcast Cable Communications, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 272-75 (N.D. Cal. 2017)(dismissing declaratory judgment claims for non-infringement premised on allegations that exhibited the same format as those in Paragraphs 22 and 33 of Cisco's Complaint; rejecting the proposition that mere identification of an accused product and recitation of an asserted claim limitation, coupled with a conclusory assertion that the former does not meet the latter, satisfies *Twombly/Iqbal*); *Aster Graphics, Inc. v. Static Control Components, Inc.*, 2018 WL 2425973 at *5-7 (C.D. Cal. 2018 February 12, 2018)(citing *Comcast* and dismissing counterclaims for declaratory judgment of non-infringement that, while identifying the products/patent claims at issue and the claim limitations allegedly not met by those products, lacked factual allegations as to how or why the products did not meet those limitations or how the claim elements should be construed).  This is especially true were, as here, the Complaint avoids describing the structure and operation of Cisco's own products.  *See*, *e.g.*, *Comcast*, 319 F.R.D. at 274-75.

### 2. Indirect Infringement/Infringement Under Doctrine Of Equivalents

Cisco also has failed to provide any factual support (let alone factual support sufficient to satisfy *Twombly* and *Iqbal*) for its equally broad and even more conclusory assertions concerning indirect infringement and direct infringement under the doctrine of equivalents.  *See*, *e.g.*, *PageMelding, Inc. v. ESPN, Inc.*, 2012 WL 3877686 at * 3 (N.D. Cal. September 6, 2012) (dismissing counterclaim for declaratory judgment of no indirect infringement for failing to provide factual support); *Summers Manufacturing Co. v. Tri-County AG*, LLC, 300 F. Supp.3d

---

[1] Cisco's intentional evasiveness is also exemplified by its refusal to identify which of the "Allegedly Infringing Cisco Products" supposedly lack the third purported limitation (with respect to both the '905 and '906 Patents).  (Dkt. 1, ¶¶22 & 33).

1025, 1036-37 (S.D. Iowa 2017)(dismissing counterclaims providing only conclusory assertions, including those seeking a declaration of no indirect infringement and no infringement under the doctrine of equivalents); *Juno Therapeutics, Inc. v. Kite Pharma*, 2018 WL 1470594 at **4-5 (C.D. Cal. March 8, 2018)(dismissing counterclaim alleging the identified product "does not directly or indirectly, literally or by equivalents, willfully or otherwise, infringe any claim" of the patent as failing to provide the patent owner with any notice as to the basis of the claim).  For example, and as detailed above, Cisco's Complaint fails to even recite the bare elements of these theories, let alone provide the required factual support (*e.g.*, the Complaint is absolutely devoid of allegations concerning purported non-equivalent structures and/or products/components having substantial non-infringing uses).

    **D.**    **Cisco Cannot Rely On Prior Proceedings Or Subsequent Disclosures**

Capella is entitled to all factual allegations required of Cisco by Federal Rule of Civil Procedure 8 at the very outset of this action (*i.e.*, in the Complaint) – not only to allow Capella a full and fair opportunity to prepare an accurate and meaningful response, but to avoid unfairly prejudicing Capella's ability to timely mount a defense.  In particular, Cisco cannot rely on Capella's 2014 Complaint to satisfy its factual pleading burden, especially when it predated the abrogation of Form 18. *See also*, *e.g.*, *Juno*, 2018 WL 1470594 at *5 (incorporation of allegations from another pleading found inadequate, even when pleading was from the same action).  Nor can Cisco's *Twombly/Iqbal* obligations be excused given the possibility of future discovery/disclosures.  *Id*. at *4 ("The specter of potential future disclosure in the normal course of discovery is insufficient to save an otherwise improperly pled []claim").

    **E.**    **Capella Alternatively Requests Cisco Provide A More Definite Statement**

As detailed above, Counts I & II of Cisco's Complaint should be dismissed in their entirety for failure to provide the factual allegations and specificity required by Federal Rule of Civil Procedure 8 (as interpreted by *Twombly/Iqbal*).  However, if and to the extent the Court disagrees, Cisco should be required, in the alternative, to provide Capella with a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) because the current version of Cisco's Complaint is so vague and ambiguous (especially with respect to the identification of the

specific products and patent claims at issue, the structure of those products, and Cisco's bases for alleging non-infringement of those products and patent claims) that Capella cannot prepare a meaningful response. *See, e.g.*, *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp.2d 1122, 1126-27 (W.D. Wis. 2008)(granting motion for a more definite statement where the plaintiff failed to identify the specific products and patent claims at issue).

**VI.   Conclusion**

For the reasons stated above, Capella's motion should be GRANTED in its entirety, and Cisco's counts/claims for declaratory relief should be dismissed for failure to satisfy the pleading standards of Federal Rule of Civil Procedure 8.

Dated:  May 11, 2020                                      MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Robert D. Becker*
      Robert D. Becker

      Attorneys for Defendant
      CAPELLA PHOTONICS, INC.