Robert D. Becker (CA Bar No. 160,648)
*rbecker@manatt.com*
Christopher L. Wanger (CA Bar No. 164,751)
*cwanger@manatt.com*
Hilary A. Soloff (CA Bar No. 314,727)
*hsoloff@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile:  (415) 291-7474

Charles A. Kertell (CA Bar No. 181,214)
*ckertell@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
Telephone: (714) 371-2500
Facsimile:  (714) 371-2550

Attorneys for Defendant,
CAPELLA PHOTONICS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAPELLA PHOTONICS, INC.,<br><br>                    Defendant. | Case No. 3:20-cv-01858-EMC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, FOR RELIEF FROM ORDER**<br><br>Hearing Date: December 3, 2020<br>Time:              1:30 pm<br>Courtroom:    5 (17th Floor)<br><br>Hon. Edward M. Chen |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-01858-EMC

Defendant's Motion for Leave to File Motion for
Reconsideration or, Alternatively, for Relief from Order

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF CISCO SYSTEMS, INC. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 3, 2020 at 1:30 p.m., or as soon thereafter as this matter may be heard in the above-identified Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, defendant Capella Photonics, Inc. ("Capella") will and hereby does move this Court (1) for leave pursuant to Civil L.R. 7-9 to file a motion for reconsideration of the Order issued by this Court on August 21, 2020 (Dkt. 48), granting Plaintiff's Motion for Judgment on the Pleadings (the "Order") based on a manifest failure by the Court to consider material facts and dispositive legal arguments which were presented to the Court; or alternatively (2) for relief from the Order pursuant to Federal Rules of Civil Procedure 60(b)(1) and (6). Capella seeks relief from this Order given (1) the Court's failure to consider that the Patent Trial and Appeal Board did not litigate or invalidate many of the original patent claims that correspond to the claims Capella asserts in this action; and (2) the clear error in applying collateral estoppel to dependent claims never litigated before the Patent Trial and Appeal Board or found invalid. Capella's motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and other documents on file in this action, and such other evidence and argument as may be presented at the hearing on this motion.

Dated:  October 22, 2020             MANATT, PHELPS & PHILLIPS, LLP


By: */s/ Robert D. Becker*
    Robert D. Becker
    Attorneys for Defendant
    CAPELLA PHOTONICS, INC.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-01858-EMC                    1                    Defendant's Motion for Leave to File Motion for
Reconsideration or, Alternatively, for Relief from Order

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

3

### I.    Issues To Be Decided

4

5       In its Order granting the Motion of Plaintiff, Cisco Systems, Inc. ("Cisco"), for Judgment

6   on the Pleadings, did the Court fail to consider that, for many of the new claims of the reissue

    patents asserted by Capella in this action, the Patent Trial and Appeal Board ("PTAB") never

7   invalidated the corresponding original claim and, if so, did the Court commit clear error by

8

9   holding that collateral estoppel would apply to bar Capella from asserting such claims on grounds

10  of invalidity?

11  ### II.    Introduction

12      In granting Plaintiff's Motion for Judgment on the Pleadings (Dkt. 35), the Court held that

13  the PTAB's determination of invalidity and "the strong interest in affording such PTAB

14  determinations finality" necessitates application of collateral estoppel to those reissued patent

15

16  claims asserted by Capella that are substantially identical (for purposes of 35 U.S.C. Section 252)

    to their corresponding original claims.  (Dkt. 48)  For purposes of this motion, Capella does not

17  contest the Court's determination in the Order as to the preclusive effect of the PTAB's prior

18  determination on the claims in the original patents that the PTAB actually found invalid.  Capella

19

20  is separately seeking review of that legal determination.  *See* Capella's Motion to Certify the

21  Order for Interlocutory Review.  (Dkt. # 53).  Here, Capella seeks review of the application of

22  collateral estoppel to those claims that were not found invalid by the PTAB.

23

24      The law is clear that collateral estoppel only applies to invalidity issues "actually

    litigated," and numerous claims in the original patents were not actually litigated.  More

25  specifically, numerous original claims were not part of the Inter Partes Review (the "IPR")

26  proceedings and were never invalidated by the PTAB. Capella asserts in this action eleven (11)

27  separate claims that correspond to those original unchallenged claims.  Because there is no prior

28

Manatt, Phelps & Phillips, LLP
Attorneys At Law
San Francisco

Case No. 3:20-cv-01858-EMC                    2          Defendant's Motion for Leave to File Motion for
                                                         Reconsideration or, Alternatively, for Relief from Order

PTAB finding of invalidity for these claims, the Court's determination that such claims would necessarily be invalid under principles of collateral estoppel represents clear error, and relief is warranted.

### III. Statement of Facts

In this patent case, Cisco moved for judgment on the pleadings, which the Court granted. (Dkt. 48.)  In granting the Order, the Court held, in relevant part, that Capella was precluded from pursuing pre-suit damages because the amended claims were either (i) not substantially identical to the original corresponding claims and, therefore, not entitled to pre-suit damages; or (ii) substantially identical to the original corresponding claims but, if so, invalid under collateral estoppel principles.  The latter conclusion of the Order necessarily assumes such claims were actually litigated and found invalid by the PTAB.  (Dkt. 48 at 9-10).[1]

But not all of the predecessor corresponding claims were challenged or invalidated at the PTAB and collateral estoppel cannot apply to these claims because their validity was not "actually litigated."  Although the PTAB decided the validity of various claims in the original patents, it did not decide the validity of *all* claims in the original patents.  Instead, the PTAB merely found all *challenged* claims to be invalid, but the validity of certain dependent claims was not challenged and they were not determined to be invalid.  (*See* Dkt. 26-3 at pp. 3 and 44 (Final Written Decision, *Cisco Sys., Inc., v. Capella Photonics, Inc.*, IPR2014-01166, Paper 44 (PTAB Jan. 28, 2016) and Dkt. 26-8 at pp. 3 and 52 (Final Written Decision, *Cisco Sys., Inc., v. Capella Photonics, Inc.*, IPR2014-01276, Paper 40 (PTAB Feb. 17, 2016)).[2]  The unchallenged claims were all reissued as new claims in the asserted reissue patents, and Capella asserts in this action

---

[1] The Court stated: "Cisco also contends that 'if the [reissue claims] claims are substantially identical [to the original claims], as Capella contends, then Capella must be collaterally estopped from asserting claims that have already been found invalid.'"  (Order at 3 (quoting Pl.'s Reply Br. at 1).)

[2] Cisco relied on and cited these documents in connection with its Motion.  (See Motion (Dkt. 35) at p. 4.)

eleven (11) of those new and previously unchallenged claims.

The chart below shows those unchallenged claims from the original patents that were never invalidated by the PTAB and what Cisco contends are the new corresponding claims in the Asserted Patents.[3]

| Unchallenged Claim In Original U.S. Patent No. RE42,368 | Matching Claim In Asserted U.S. Patent No. RE47,905 |
|---|---|
| 7 | 29 |

| Unchallenged Claim In Original U.S. Patent No. RE42,678 | Matching Claim In Asserted U.S. Patent No. RE47,906 |
|---|---|
| 5 | 72 |
| 18 | 85 |
| 24 | 92 |
| 31 | 100 |
| 47 | 118 |
| 54 | 125 |
| 55 | 126 |
| 56 | 127 |
| 60 | 131 |
| 66 | 138 |

As can be seen, there are numerous claims that were not the subject of the IPRs, let alone invalidated. Those claims were not "actually litigated" and their corresponding asserted reissue claims should not be subject to collateral estoppel.

## IV.    Governing Legal Standard

Pursuant to Civil L.R. 7-9(a) and (b), a party may make a motion for leave to file a motion for reconsideration of an interlocutory order that results from "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Similarly, under Rule 60(b), the Court may relieve a party of a judgment or order for numerous reasons, including "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Ninth Circuit has

---

[3] Numerous other original claims were not challenged, including Claims 8 and 14 of the '368 patent and Claims 6, 7, 8, 11, 25-26, 32-43, 48-50, 57 of the '678 patent but Capella does not presently assert their corresponding claims in the '905 and '906 patents.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
San Francisco

instructed that "[i]n determining whether Rule 60(b) applies, courts should be mindful that the rules are to be construed to achieve the just determination of every action." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983).

For purposes of Rule 60(b)(1), a "mistake" includes a mistake of law. *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982) (holding that mistakes of law are cognizable under Rule 60(b)). In particular, relief should be granted where "the court committed clear error or the initial decision was manifestly unjust." *Beentjes v. Placer Cnty. Air Pollution Control Dist.*, 254 F.Supp.2d 1159, 1161 (E.D. Cal. 2003). A clear error occurs when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier. *See Glavor v. Shearson Lehman Hutton, Inc.*, 879 F.Supp. 1028, 1033 (N.D. Cal. 1994)

Under the catch-all provision of Rule 60(b)(6), courts have "broad authority" to grant relief where the movant "demonstrate[s] both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 848 (1988); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

## V.    Argument

### A.    The Court Failed to Consider That For Many of the Reissue Patent Claims, the PTAB Never Invalidated the Corresponding Original Claim And, As A Result, Committed Clear Error By Applying Collateral Estoppel To Those Claims.

The Court's Order concluded that Capella was precluded from pursuing pre-suit damages because the amended claims were either (i) not substantially identical to the original corresponding claims and therefore not entitled to pre-suit damages; or (ii) substantially identical to the original corresponding claims and therefore invalid under collateral estoppel. Accepting

Manatt, Phelps & Phillips, LLP
Attorneys At Law
San Francisco

Case No. 3:20-cv-01858-EMC                    5                    Defendant's Motion for Leave to File Motion for
Reconsideration or, Alternatively, for Relief from Order

1  this decision tree as correct for purposes of this motion, the rationale contains a critical

2  assumption: that all such corresponding original claims were found invalid by the PTAB so that

3  collateral estoppel applies.  But this assumption is not correct.  Here, many claims of the asserted

4  patents correspond to original claims that Capella voluntarily cancelled during subsequent reissue

5  proceedings and that were never invalidated by the PTAB.  Thus, the conclusion that collateral

6  estoppel applies to all claims that correspond to substantially identical original claims, without

7  any finding of invalidity of those original claims by the PTAB, is clear error.

8

9       Collateral estoppel requires issues to be "actually litigated" or "actually adjudicated."

10  Order at 6 (quoting *Littlejohn v. United States*, 321 F.3d 915, 923 (9th Cir. 2003)); (*Janjua v.*

11  *Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019) (quoting *Oyeniran v. Holder*, 672 F.3d 800, 806

12  (9th Cir. 2012)); *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 910 (9th Cir. 1997)

13  (quoting *Kamilche Co. v. United States*, 53 F.3d 1059, 1062 (9th Cir. 1995)).  The Supreme Court

14  has made clear that in order for collateral estoppel to apply, the patent owner must have been

15  provided "a fair opportunity procedurally, substantively, and evidentially to pursue his claim the

16  first time," especially where the patent owner did not choose the forum and/or had different

17  motivations.  *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 333 (U.S. 1971).

18  Capella has not been afforded this opportunity on all its claims.

19

20       None of the claims listed in the above chart were adjudicated or litigated before the PTAB

21  (nor were they invalidated).  None should be subject to collateral estoppel.  An example from the

22  '905 patent is illustrative.  Reissue claim 29, the first listed claim in the chart above, corresponds

23  to the '368 patent, claim 7.  Claim 7 was not part of the IPRs and was not invalidated in any

24  proceeding.  (*See* Dkt. 26-3 at pp. 3 and 44 and Dkt. 26-8 at pp. 3 and 52).  Claim 7 has additional

25  elements that were not present in any claims that were at issue in the IPRs – including "alignment

26  mirrors." Corresponding reissue claim 29 is asserted in this case. Here, even assuming *arguendo*

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
San Francisco

Case No. 3:20-cv-01858-EMC                6                Defendant's Motion for Leave to File Motion for
Reconsideration or, Alternatively, for Relief from Order

that the premise of the Court's Order is correct (*i.e.*, that collateral estoppel necessarily bars litigation of the validity of a reissue claim that is substantially identical to an original claim previously invalidated by the PTAB), that premise can have no application where the claims at issue were never previously invalidated.

Failure to correct this clear error would be manifestly unjust.  In effect, the Court's Order assumes that numerous patent claims would be invalid under principles of collateral estoppel even though there is no prior finding of invalidity.  Because numerous claims were never litigated or adjudicated, and because Capella should be permitted a fair opportunity to pursue its claims—including testing the validity of the reissued claims whose original corresponding claims have not been subject to *inter partes* review—it was clear error for the Court to apply collateral estoppel to such claims.

Fairness is indeed central to the collateral estoppel inquiry. In *Blonder-Tongue*, the Supreme Court made clear that in order for collateral estoppel to apply, the patent owner must have been provided "a fair opportunity procedurally, substantively, and evidentially to pursue his claim the first time," especially where the patent owner did not choose the forum and/or had different motivations. *Blonder-Tongue, supra,* 402 U.S. at 333. Application of collateral estoppel would be particularly inappropriate in view of the facts here.  Capella has not been permitted to test the validity of the newly reissued claims – claims that the PTO itself found to be patentable after cancellation of the original claims and that are now presumed valid.

**B.    Capella Has Been Diligent in Bringing this Motion.**

In its Motion, Cisco sought judgment on the pleadings for Capella's counterclaims of pre-issuance damages on the grounds that the claims in the Asserted Patents are not substantially identical to the original claims but instead are "substantively narrower".  (Motion (Dkt. 35) at 1.) Alternatively, Cisco sought dismissal of Capella's counterclaims on the grounds that collateral

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-01858-EMC                    7                    Defendant's Motion for Leave to File Motion for
Reconsideration or, Alternatively, for Relief from Order

estoppel would bar Capella from asserting any reissue patent claim that was is substantially identical to a claim invalidated by the PTAB.   (Motion (Dkt. 35) at 17.) The Order did not technically grant Cisco relief based on the grounds specifically advanced by Cisco. Notably, the Order failed to hold that Capella was barred from recovering pre-issuance damages because all of the reissue claims are substantively narrower than or not substantially identical to the original claims. In fact, the Order contains no claim construction, analysis or comparison whatsoever – a necessary prerequisite to a finding of intervening rights. *Convolve, Inc. v. Compaq ComputerComput. Corp.,* 812 F.3d 1313, 1322 (Fed. Cir. 2016) (*quoting Laitram Corp. v. NEC Corp.,* 952 F.2d 1357, 1362-63 (Fed. Cir. 1991)). The Order also did not dismiss any claim on grounds of collateral estoppel. Instead, the Order hypothesized that *if the original claims and the reissue claims are substantially identical*, then the reissue claims would be invalid under the doctrine of collateral.[4]  (Order (Dkt. 48) at 10:3-8.)

Capella and its counsel were genuinely surprised by the Order. The Order acknowledges that the Federal Circuit has not directly addressed the collateral estoppel issue posed by Cisco's motion. (Order at 5:26.) But as reflected in Capella's Motion to Certify the Order for Interlocutory Review (Dkt. 53), Capella contends that the Order is legally erroneous and conflicts with Supreme Court precedent.

After reviewing the Order, Capella hired appellate counsel to assist in the preparation of the Motion to Certify and engaged in substantial work on that motion. The Order raises complicated and unsettled issues of law.  Because the Motion to Certify addresses important legal issues going to the heart of the Order, Capella concluded that motion should be filed first. Capella filed this fact-based motion shortly after filing its Motion to Certify.  Under the circumstances, Capella has been

---

[4] Because Cisco vehemently argued in its Motion that none of the asserted claims is substantially identical to the original claims, Cisco failed to establish the premise of its collateral estoppel defense.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-01858-EMC                    8                    Defendant's Motion for Leave to File Motion for
Reconsideration or, Alternatively, for Relief from Order

1  reasonably diligent in bringing this motion.

2  **VI.    Conclusion**

3         For the reasons stated above, Capella's motion should be GRANTED in its entirety, and

4  Capella should be permitted to file a motion for reconsideration of the Order or be relieved from

5  the Order.

6

7  Dated:  October 22, 2020                      MANATT, PHELPS & PHILLIPS, LLP

8                                                By: */s/ Robert D. Becker*

9                                                    Robert D. Becker

10                                               Attorneys for Defendant
                                                 CAPELLA PHOTONICS, INC.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-01858-EMC                9        Defendant's Motion for Leave to File Motion for
                                                   Reconsideration or, Alternatively, for Relief from Order