David P. Enzminger (SBN: 137065)
denzminger@winston.com
Louis L. Campbell (SBN: 221282)
llcampbell@winston.com
WINSTON & STRAWN LLP
275 Middlefield Rd., Suite 205
Menlo Park, CA 94025
Telephone:     (650) 858-6500
Facsimile:      (650) 858-6550

Krishnan Padmanabhan (SBN: 254220)
kpadmanabhan@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone:     (212) 294-6700
Facsimile:      (212) 294-4700

Attorneys for Plaintiff
CISCO SYSTEMS, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CAPELLA PHOTONICS, INC.,<br><br>Defendant.<br><br>CAPELLA PHOTONICS, INC.,<br><br>Counterclaimant,<br><br>vs.<br><br>CISCO SYSTEMS, INC.,<br><br>Counter-Defendant. | Case No. 3:20-cv-01858-EMC<br><br>**PLAINTIFF CISCO SYSTEMS, INC.'S OPPOSITION TO DEFENDANT CAPELLA PHOTONICS, INC.'S MOTION FOR RECONSIDERATION AND CROSS-MOTION FOR ENFORCEMENT OF THE COURT'S PRIOR ORDERS**<br><br>Date: December 3, 2020<br>Time: 1:30 p.m.<br>Courtroom: Courtroom 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

# TABLE OF CONTENTS

**Page**

II. Introduction ........................................................................................................................ 2

III. Procedural Background ...................................................................................................... 2

    A. Cisco invalidated all of Capella's asserted claims in the prior litigation. .................... 2

    B. Following invalidation of the asserted claims, Capella tried to amend its contentions to assert new claims. This Court denied that request. ............................. 3

IV. Legal Standard Regarding Rules 60(b)(1) and 60(b)(6) ..................................................... 6

V. Relief Under Rule 60(b)(1) or 60(b)(6) Is Not Justified. .................................................... 7

    A. Rule 60(b)(1) is inapplicable—the Order contains no mistakes of fact or law. ........... 7

    B. Rule 60(b)(6) is inapplicable—there Order raises no extraordinary circumstances. ................................................................................................................ 7

VI. Conclusion .......................................................................................................................... 8

i

OPPOSITION TO CAPELLA'S MOTION FOR RECONSIDERATION AND CROSS-MOTION FOR ENFORCEMENT OF THE COURT'S PRIOR ORDERS, CASE NO. 3:20-CV-01858-EMC

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Afoa v. China Airlines, Ltd.*,
   817 F. App'x 369 (9th Cir. 2020) ...................................................................................6, 8

*B.E. Technology, L.L.C. v. Facebook, Inc.*,
   No. 2018-2356, 2019 WL 5057470 (Fed. Cir. Oct. 9, 2019) ................................................5

*Bretana v. Int'l Collection Corp.*,
   2010 WL 1221925 (N.D. Cal. 2010) .....................................................................................2

*Capella Photonics, Inc. v. Cisco Sys., Inc.*,
   139 S. Ct. 462 (2018) ............................................................................................................3

*Capella Photonics, Inc. v. Cisco Sys., Inc.*,
   711 F. App'x 642 (Fed. Cir. 2018) ........................................................................................2

*Capella Photonics, Inc. v. Cisco Sys., Inc.*,
   Case No. 3:14-CV-03348-EMC, Dkt. 1 (Feb. 12, 2014) ............................................. *passim*

*Cisco Sys., Inc., v. Capella Photonics, Inc.*,
   IPR2014-01166, Paper 46 (PTAB June 29, 2016) ................................................................2

*Cisco Sys., Inc., v. Capella Photonics, Inc.*,
   IPR2014-01276 (PTAB July 5, 2016) ...................................................................................2

*Cooley v. Leonard*,
   No. 18-CV-00719-YGR, 2019 WL 2515397 (N.D. Cal. June 18, 2019) ..............................6

*Fuchs v. State Farm Gen. Ins. Co.*,
   No. 16-CV-01844-BRO-GJS, 2017 WL 4679272 (C.D. Cal. Mar. 6, 2017) ........................6

*Greenlight Sys., LLC v. Breckenfelder*,
   No. 19-CV-06658-EMC, 2020 WL 5910067 (N.D. Cal. Oct. 6, 2020) ................................6

*Harvest v. Castro*,
   531 F.3d 737 (9th Cir. 2008) .............................................................................................2, 6

*Ohio Willow Wood Co. v. Alps S., LLC*,
   735 F.3d 1333 (Fed. Cir. 2013) .........................................................................................7, 8

*Siegel v. Su*,
   No. 17-CV-07203-CAS-SSx, 2018 WL 1989521 (C.D. Cal. Apr. 25, 2018) .......................6

*Siegler v. Sorrento Therapeutics, Inc.*,
   No. 18-CV-01681-GPC-MSB, 2019 WL 6877594 (S.D. Cal. Dec. 17, 2019) ......................6

ii

OPPOSITION TO CAPELLA'S MOTION FOR RECONSIDERATION AND CROSS-MOTION FOR
ENFORCEMENT OF THE COURT'S PRIOR ORDERS, CASE NO. 3:20-CV-01858-EMC

*Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*,
    778 F.3d 1311 (Fed. Cir. 2015) ........................................................................................7, 8

**Statutes**

Civil L.R. 7-9 ..................................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 60(b) ..............................................................................................................2, 5, 6, 8

Fed. R. Civ. P. 60(b)(1) ...................................................................................................................2, 6, 7

Fed. R. Civ. P. 60(b)(6) ........................................................................................................... *passim*

## Table of Abbreviations and Conventions

| Term | Meaning |
| --- | --- |
| '368 patent | U.S. Patent No. RE42,368 (Dkt. 26-2) |
| '368 patent FWD | Final Written Decision, *Cisco Sys., Inc., v. Capella Photonics, Inc.*, IPR2014-01166, Paper 44 (PTAB Jan. 28, 2016) (Dkt. 26-3) |
| '678 patent | U.S. Patent No. RE42,678 (Dkt. 26-7) |
| '678 patent FWD | Final Written Decision, *Cisco Sys., Inc., v. Capella Photonics, Inc.*, IPR2014-01276, Paper 40 (PTAB Feb. 17, 2016) (Dkt. 26-8) |
| '905 patent | U.S. Patent No. RE47,905 (Dkt. 26-23) |
| '906 patent | U.S. Patent No. RE47,906 (Dkt. 26-24) |
| Board | Patent Trial and Appeal Board of the U.S. Patent and Trademark Office |
| Capella | Capella Photonics, Inc. |
| Cisco | Cisco Systems, Inc. |
| original patents | the '368 and '678 patents |
| reissue patents | the '905 and '906 patents |
| Ex. | Exhibit to the concurrently filed declaration of Krishnan Padmanabhan |

**Table of Exhibits**

| Exhibit | Description |
|---|---|
| Ex. A | December 28, 2018 Status Conference |
| Ex. B | January 17, 2019 Hearing Tr. |
| Ex. C | Motion to Stay Action, or in the Alternative, to Amend Infringement Contentions |
| Ex. D | New Claim Charts Attached to Motion to Stay Action |
| Ex. E | Transcript of Hearing to Address Capella's Motion to Amend |
| Ex. F | Order Rejecting Capella's Arguments and Denying Capella's Motion to Add Unasserted Original Claims |
| Ex. G | Motion to Dismiss Proceeding Held |
| Ex. H | Order Granting Motion to Dismiss Without Prejudice |
| Ex. I | Defendants' Motion for Relief from an Order and Renewed Request to Be Declared Prevailing Parties and Awarded Costs |
| Ex. J | Opinion, *B.E. Technology, L.L.C. v. Facebook, Inc.,* 2019 WL 5057470 |
| Ex. K | Order Denying Defendants' Motion for Relief and Awarding Costs |

## II. Introduction

Defendant Capella Photonics, Inc. ("Capella") seeks reconsideration of the Court's order on collateral estoppel (Dkt. 48) under Fed. R. Civ. P. 60(b)(1) and (6).[1] Dkt. 58. Rule 60(b)(1) provides relief from an order when the Court has made a "mistake"—"a substantive error of law or fact in its judgment or order." *Bretana v. Int'l Collection Corp.*, 2010 WL 1221925, at *1 (N.D. Cal. 2010). Relief under Rule 60(b)(6) is reserved for cases in which there are extraordinary circumstances. *See Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). Neither of those rules is applicable here.

Capella impermissibly uses the motion to re-raise arguments already presented to the Court, *both in the present and prior rounds of litigation between these parties*. There are no mistakes in the Court's order. And the order presents no extraordinary circumstances. Capella's motion for relief under Rule 60(b) should be denied.

## III. Procedural Background

### A. Cisco invalidated all of Capella's asserted claims in the prior litigation.

This is the second bout between Cisco and Capella. Six years ago, Capella accused Cisco of infringing its '368 and '678 patents—two patents that describe purported inventions in optical communication. *See Capella Photonics, Inc. v. Cisco Sys., Inc.*, Case No. 3:14-CV-03348-EMC, Dkt. 1 (Feb. 12, 2014). During the first litigation, Cisco sought *inter partes* review to challenge the validity *of each asserted claim* of the '368 and '678 patents before the Patent Trial and Appeals Board (the "Board"). *See Cisco Sys., Inc., v. Capella Photonics, Inc.*, IPR2014-01166 and IPR2014-01276. The Board ultimately found *all asserted claims* of the original patents unpatentable over the prior art and invalidated them. *See* '368 patent FWD; '678 patent FWD. Capella appealed these decisions to no avail—the Board denied rehearing, the Federal Circuit affirmed the Board's finding, and the Supreme Court denied cert. *Cisco Sys., Inc., v. Capella Photonics, Inc.*, IPR2014-01166, Paper 46 (PTAB June 29, 2016); IPR2014-01276 (PTAB July 5, 2016); *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 711 F. App'x 642 (Fed. Cir. 2018); *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 139 S. Ct. 462 (2018). At that

---

[1] Plaintiff Cisco understands that Capella also moves pursuant to Civil L.R. 7-9, but that no opposition to a request for leave of court under that rule is warranted. *See* Civil L.R. 7-9(d). Accordingly, Cisco responds to Capella's motion as brought under Fed. R. Civ. P. 60(b)(1) and (6). To the extent that a responsive brief is appropriate under Civil L.R. 7-9, then this brief is filed for that purpose as well.

point, *all of the asserted claims* of the original patents were finally, and fatally, put to rest. The litigation in this Court was in stay through the completion of IPR proceedings and appeal. Capella placed the '368 and '678 patents into reexamination in order to amend the claims over the invalidating prior art. Dkt. 26-5, 26-9.

**B. Following invalidation of the asserted claims, Capella tried to amend its contentions to assert new claims. This Court denied that request.**

Having lost all of its asserted claims through *inter partes* review and appeal, Capella came back to the proceedings in this Court and sought to inject claims of the '368 and '678 patent that it had previously not asserted ("Unasserted Original Claims"). On December 28, 2018, the parties filed a joint status report, in which Capella contended that "because the Patent Office proceedings relating to the ['368 and '678 patents] have not yet been completed and its Applications to Reissue the Patents-in-Suit remain pending and original unchallenged claims from the Patents-in-Suit remain unaffected by the IPRs, the current stay of the action should remain in effect pending resolution of those proceedings." Ex. A, *Capella*, C.A. 14-cv-03348-EMC, Dkt. 196 at 3. Shortly thereafter, on January 17, 2019, Capella told the Court that there were Unasserted Original Claims that it now wished to assert. Ex. B, Hr'g Tr., Jan. 17, 2019, at 5:10-6:12. Cisco objected to any amendment because it was an "end run around the Patent Local Rules"—Capella had "picked [its] claims, [] served its infringement contentions," and after losing those claims in IPR, it was attempting to "come back and try to amend." *Id*. at 7:12-16. On February 14, 2019, Capella filed a motion to stay the action, or, in the alternative, to amend its infringement contentions. Ex. C, *Capella*, C.A. 14-cv-03348-EMC, Dkt. 205. The motion attached new claim charts accusing the same products and features that Capella had accused of infringing the invalidated claims. Ex. D, *Capella*, C.A. 14-cv-03348-EMC, Dkt. 205-12. During the March 7, 2019 hearing to address Capella's Motion to Amend, Capella could identify no basis for failing to include any Unasserted Original Claim in accordance with the Patent Local Rules, or before completion of IPR proceedings and all appeals, besides supposed time pressure and unspecified rules in Florida where the case was first filed. Ex. E, Hr'g Tr., March 7, 2019 at 12:15-13:18. Capella insisted that it should not be asked to dismiss the present case, and bring a new case

to assert the Original Unasserted Claims, because that would impact the period for which it could claim damages. *Id*. at 16:9-13.

The Court subsequently issued an order rejecting Capella's arguments and denying Capella's motion to add Unasserted Original Claims. *See, e.g.*, *Capella*, C.A. 14-cv-03348-EMC, Dkt. 219. *See* Ex. F. In issuing that order, the Court found that Cisco had "incurred substantial costs in litigating th[at] case." *Id*. at 4. The Court also found that Capella "ha[d] not been diligent in bringing the [Unasserted Original Claims]," was unable "to explain why it failed to assert the [Unasserted Original Claims] in the first place," and "[a]t best, circumstance[s] arguably supporting amendment took place no later than 2016, when the PTAB issued its final written decision, invalidating the claims at issue." *Id*. at 6. The Court also recognized that Capella's last date to seek leave to add claims was in 2014. *Id*. Capella waited over three years from the invalidation of claims by the PTAB, after it filed appeals (and those appeals were rejected), and after it filed reissue claims, to consider asserting any Unasserted Original Claims. *Id*. In reaching its decision, the Court noted that Capella had voiced concerns whether Cisco had not been estopped by its IPR proceedings, because it created "the potential for duplicitous litigation." *Id*. at 8-9. The Court acknowledged that the estoppel provision is intended to prevent "a second bite at the apple." *Id*. at 9.

On July 25, 2019, Capella sought an order dismissing the first litigation without prejudice. Defendants' opposition requested that the Court grand the dismissal with prejudice, name the Defendants as prevailing parties, and award Defendants costs and fees. The Court held a hearing on August 30, 2019, and issued an order on September 26, 2019. *Capella*, C.A. 14-cv-03348-EMC, Dkt. 225-226. Exs. G and H. In issuing an order to dismiss without prejudice, the Court did not determine whether Capella should, or should not, be precluded from asserting reissue claims that were substantially similar to Originally Unasserted Claims, but instead, stated that it was "concerned that dismissal with prejudice would have consequences, potentially on the entirety of the two patents at issue, including claims not adjudicated in this Court or before the PTAB," and that "[i]ts effect upon any enforcement of substantially similar claims in a reissued patent are not clear either." *Capella*, C.A. 14-cv-03348-EMC, Dkt. 226, Ex. H at 6. "[W]ary of inadvertently barring future actions that could otherwise have properly come before this Court," the Court dismissed without prejudice. *Id*.

Along with Capella's motion to dismiss, the Court also considered Defendants' motion seeking to be named a prevailing party and to be awarded costs and fees. Defendants sought relief from the Court's order, pursuant to Fed. R. Civ. P. 60(b)(6), relying on the Federal Circuit's affirmance in *B.E. Technology, L.L.C. v. Facebook, Inc.*, No. 2018-2356, 2019 WL 5057470 (Fed. Cir. Oct. 9, 2019). *Capella*, C.A. 14-cv-03348-EMC, Dkt. 227 at 1; *id.*, Dkt. 227-2 (*BE Technology* Opinion), see Exs I and J. The Court held a hearing on December 4, 2019, and issued an order on December 31, 2019, finding that "minor corrections do not normally rise to the level of 'extraordinary circumstances' warranting relief from finality under Rule 60(b)." Dkt. 240 at 10, *see* Ex. K.

On March 16, 2020 Cisco filed the present declaratory judgment action, seeking an order establishing noninfringement as to each of the claims of Capella's reissue patents, U.S. Patent Nos. RE47,905 ("'905 patent") and RE47,906 ("'906 patent"). Dkt. 1. Cisco filed a first amended complaint on June 1, 2020 on the same basis. Dkt. 26. Capella filed an answer on July 1, 2020, which failed to identify the claims that Capella asserts. Dkt. 32. Capella provided infringement contentions on August 7, 2020, which finally identified the 69 asserted claims across the '905 and '906 patents. On July 7, 2020, Cisco filed its motion prohibiting Capella from pursuing pre-issue infringement, or, in the alternative, imposing collateral estoppel on the basis that the PTAB held claims of the same scope invalid. Dkt. 35. On July 21, 2020, Capella filed its opposition, which contained no identification of any specific asserted reissue claim that was free from estoppel on the basis that it corresponded to an Unasserted Original Claim. Dkt. 38. Capella cryptically stated that its complaint only alleged that "one or more claims" in the reissue patents were substantially identical to claims in the original patents, without an explanation of how that would impact the merits of the case, and without identifying any asserted reissue claims that correspond to Unasserted Original Claims. Dkt. 38 at 23. The Court held a hearing on Cisco's motion on August 13, 2020, during which Capella did not identify any reissue claims that were free from estoppel on the basis that they correspond to Unasserted Original Claims. Dkt. 47. On August 21, 2020, the Court issued its order prohibiting pre-issue damages, on the basis that either collateral estoppel or the limitations imposed by Section 252 must apply. Dkt. 48.

On October 22, 2020, Capella filed a motion for reconsideration, identifying, for the first time, 11 asserted reissue claims that correspond to Unasserted Original Claims. Dkt. 58 at 4 (Table).

### IV. Legal Standard Regarding Rules 60(b)(1) and 60(b)(6)

Federal Rule 60(b) allows courts to relieve parties from a final judgment or order on six grounds. One such ground is mistake, inadvertence, or excusable neglect. Fed. R. Civ. P. 60(b)(1). While a "mistake" encompasses a mistake of law, relief is not appropriate "merely because the underlying motion *could have been* erroneous; rather, the underlying order *must be* 'clearly erroneous.'" *Siegler v. Sorrento Therapeutics, Inc.*, No. 18-CV-01681-GPC-MSB, 2019 WL 6877594, at *5 (S.D. Cal. Dec. 17, 2019) (emphases added). That is because Rule 60(b) motions "are not a substitute for appeal or a means of attacking some perceived error of the court." *Cooley v. Leonard*, No. 18-CV-00719-YGR, 2019 WL 2515397, at *2 (N.D. Cal. June 18, 2019). Nor are Rule 60(b) motions warranted when parties "merely present arguments previously raised, or which could have been raised in the original briefs." *Siegel v. Su*, No. 17-CV-07203-CAS-SSx, 2018 WL 1989521, at *1 (C.D. Cal. Apr. 25, 2018) (citation omitted); *Fuchs v. State Farm Gen. Ins. Co.*, No. 16-CV-01844-BRO-GJS, 2017 WL 4679272, at *4 (C.D. Cal. Mar. 6, 2017) ("Generally, such motions are 'disfavored ... and are not the place for parties to make new arguments not raised in their original briefs.'" (citation omitted)).

Courts may also provide relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But this power is reserved only for "extraordinary circumstances." *Greenlight Sys., LLC v. Breckenfelder*, No. 19-CV-06658-EMC, 2020 WL 5910067, at *5 (N.D. Cal. Oct. 6, 2020) (citation omitted); *Afoa v. China Airlines, Ltd.*, 817 F. App'x 369, 370 (9th Cir. 2020). The scope of this rule "has been narrowly construed." *Capella*, No. 14-CV-03348-EMC, 2019 WL 7372274, at *2 (N.D. Cal. Dec. 31, 2019). Indeed, the Ninth Circuit has "repeatedly cautioned" that this rule should be "used sparingly as an equitable remedy to prevent manifest injustice." *Afoa*, 817 F. App'x at 370 (citation omitted); *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (same). The moving party must show "both injury and circumstances beyond his control that prevented him from proceeding with … the action in a proper fashion." *Afoa*, 817 F. App'x at 370.

1  **V.     Relief Under Rule 60(b)(1) or 60(b)(6) Is Not Justified.**

2  **A.     Rule 60(b)(1) is inapplicable—the Order contains no mistakes of fact or law.**

Capella argues that the Court "failed to consider" that 11 of the asserted reissue patent claims were amended from Unasserted Original Claims, and that the Court "committed clear error by applying collateral estoppel to those [reissue] claims." Not true. The case law and reasoning in the Court's opinion applies equally to reissue claims that were amended from Unasserted Original Claims. Capella is estopped from asserting any claim, whether it was amended from an invalidated claim or not, *that is substantially identical to an invalidated claim*. *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) ("Our precedent does not limit collateral estoppel to patent claims that are identical. Rather, it is the identity of the issues that were litigated that determines whether collateral estoppel should apply.") (citations omitted). If a reissue claim raises no new issues of validity when compared to an invalidated original claim, then Capella is estopped with respect to that claim. *Id*. ("If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies.") (citations omitted). And further, "for collateral estoppel to apply, the asserted unadjudicated claim need not be identical to the adjudicated claim." *Id.* (citing *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1319 (Fed. Cir. 2015) ("Complete identity of claims is not required to satisfy the identity-of-issues requirement for claim preclusion.")). The Court's order clearly contemplates these contours of the case law, by stating that claims that are substantially identical. Dkt. 48 at 9 (citing *Ohio Willow Wood* and *Soverain*).

For reissue claims that were amended from invalidated claims, this analysis is straightforward—the patentee amended the "port" terms, and the claim construction process will indicate whether the claim amendment alone has any effect in changing claim scope. For the reissue claims amended from Unasserted Original Claims, expert opinion may be used to establish that a reissue claim does not present any validity issues beyond those in an invalidated original claim, thus allowing for collateral estoppel under *Ohio Willow Wood* and similar cases.

**B.     Rule 60(b)(6) is inapplicable—the Order raises no extraordinary circumstances.**

As explained above, the Court's order faithfully applies collateral estoppel and the relevant

7

case law. This alone fails to create "extraordinary circumstances," let alone "manifest injustice." *Afoa*, 817 F. App'x at 370. Further, Capella fails to actually address the standard under Rule 60(b)(6). There are no "extraordinary circumstances" here, and there is no "manifest injustice." *Id*. As discussed above, the case law clearly contemplates collateral estoppel that extends between claims, even if one claim is not a direct amendment of the other. *See supra* at 7 (*Ohio Willow Wood* and *Soverain*). Application of Federal Circuit precedent and other case law directly on point is by no means extraordinary. In fact, it is expected, and therefore provides no basis on which relief under Rule 60(b), which is "rare," should be granted.

## VI. Conclusion

Capella's relief has identified no "mistake of fact or law," and no "extraordinary circumstances." The reissue claims that correspond to—i.e., are amended from—the Unasserted Original Claims should still be subject to collateral estoppel if they are "substantially identical" to any of the invalidated claims.

Dated: November 5, 2020

WINSTON & STRAWN LLP

By: */s/ K. Padmanabhan*
David P. Enzminger
Krishnan Padmanabhan
Louis L. Campbell

Attorneys for Plaintiff
CISCO SYSTEMS, INC.