David P. Enzminger (SBN: 137065)
denzminger@winston.com
Louis L. Campbell (SBN: 221282)
llcampbell@winston.com
James C. Lin (SBN: 271673)
jalin@winston.com
WINSTON & STRAWN LLP
275 Middlefield Rd., Suite 205
Menlo Park, CA  94025
Telephone:    (650) 858-6500
Facsimile:    (650) 858-6550

Krishnan Padmanabhan (SB: 254220)
kpadmanabhan@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone:    (212) 294-6700
Facsimile:    (212) 294-4700

Attorneys for Plaintiff,
Cisco Systems, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CAPELLA PHOTONICS, INC.<br><br>Defendant. | **Case No. 3:20-cv-01858-EMC**<br><br>**PLAINTIFF CISCO SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A FIRST AMENDED ANSWER TO ASSERT INEQUITABLE CONDUCT**<br><br>Assigned to: Hon. Edward M. Chen<br>Date: February 11, 2021 at 1:30 pm<br>Courtroom: 5, 17th Floor |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on Thursday, February 11, 2021 at 1:30 p.m., or as soon thereafter as this matter can be heard before the Honorable Edward M. Chen, Plaintiff Cisco Systems,

Inc. hereby moves the Court for an order granting leave, pursuant to Federal Rules of Civil Procedure Rule 15, to file a First Amended Answer to assert a claim of inequitable conduct against defendant Capella Photonics, Inc.

This Motion is based on this Notice of Motion and Motion; and such other pleadings, documents, and arguments as the Court may consider in connection with this Motion for Leave to file the First Amended Answer.  Defendant's counsel intends to oppose this Motion.  However, because leave of court to amend a pleading to assert inequitable conduct under Rule 15 is granted freely by this Court, Plaintiff hereby files this Motion.

Dated: January 6, 2021                            WINSTON & STRAWN LLP

                                                               By:   */s/ Krishnan Padmanabhan*
                                                                        Krishnan Padmanabhan
                                                                        David P. Enzminger
                                                                        Louis L. Campbell
                                                                        James C. Lin

                                                                        Attorneys for Plaintiff
                                                                        CISCO SYSTEMS, Inc.

## MOTION

Plaintiff, and Counterclaim Defendant Cisco Systems, Inc. ("Cisco") respectfully moves the Court, pursuant to Federal Rule of Civil Procedure Rule 15, for an Order granting Cisco leave to file a First Amended Answer to assert a defense of inequitable conduct by Defendant Capella Photonics, Inc. ("Capella").

Rule 15(a) provides that a party may amend its pleading with the consent of the adverse parties or the court's leave. Fed. R. Civ. P. 15(a); *Keniston v. Roberts,* 717 F.2d 1295, 1300 (9th Cir. 1983). Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a); *Keniston*, 717 F.2d at 1300. The standard changes from freely given to "good cause" if a pretrial scheduling order has been issued by the court establishing a timeframe by which parties must amend their pleadings, and the parties have not amended their pleadings before the specified time in the scheduling order has expired. *Coleman v. Quaker Oats, Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

Where no scheduling order detailing the time to amend pleadings has been issued, the Court of Appeals for the Ninth Circuit has instructed that district courts must grant leave to amend with "extreme liberality." *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Amendments seeking to add claims are granted even more liberally than amendments adding parties. *See Union Pac. R.R. Co. v. Nev. Power Co*., 950 F.2d 1429, 1432 (9th Cir. 1991). In this manner, courts freely grant leave to amend to ensure that "the merits of a dispute will be heard despite defects in the form or timing of pleadings." *Compression Labs v. Okla. State Univ. Educ. & Research Found.*, CIV 93-20622 RPA, 1995 WL 241438, at *2 (N.D. Cal. April 19, 1995).

In determining whether amendment is appropriate, courts consider the following five factors to assess whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether [the party] has previously amended his [pleading]." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). The party opposing amendment bears the burden of showing why amendment should not be freely granted. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

This Court has liberally granted motions for leave to assert inequitable conduct. In *Chrimar Systems Inc v. Cisco Systems Inc*., 2016 WL 1623922 (N.D. Cal. 2016), this Court granted the

defendant's leave to amend to assert inequitable conduct based on the plaintiff's failure to name an alleged omitted inventor even after the close of fact discovery. *Id*. at *2-4. "Absent prejudice, or a strong showing of any of the remaining … factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*. at *2. Similarly, in *Trimble Navigation Ltd. v. RHS, Inc.*, 2007 WL 2727164 (N.D. Cal. 2007), this Court held that good cause existed to permit the accused infringer to amend its answer to assert inequitable conduct allegations even after the deadline to amend pleadings had passed. *Id*. at *11. "[T]he court does not find that this shortened preparation time would be unfairly prejudicial to plaintiff. This is particularly so since, while some additional and expedited discovery may be required, it is necessarily limited only to plaintiff's failure to disclose the relevant prior art alleged." *Id*.

In the present action, there has been no bad faith on the part of Cisco and leave to amend should be freely granted. Cisco has been diligent in bringing its motion, as it investigated the possibility of the inequitable conduct defense and approached Capella, and has now proceeded to files its amended pleadings before any substantial discovery is underway. In fact, Cisco gave Capella ample notice that it intended to seek leave to amend its answer and the parties met and conferred on the issue on October 17, 2020. Prior and during the meet and confer, Cisco conducted further research and investigations into the issue, which allowed Cisco to provide Capella with ample basis for this Motion and inequitable conduct defense.

Further, there is no prejudice to Capella, since any evidence to rebut Cisco's allegations are squarely in the possession of Capella and individuals under its control. In addition, since no depositions have taken place, there are no witnesses to which Capella missed the opportunity to ask relevant questions. And there is ample time left in discovery, so Capella may subpoena any parties they deem relevant, or retain any expert they think appropriate on the issue of inequitable conduct, such an expert in Patent Office procedures, or a technical expert to gauge the materiality of the omissions alleged by Cisco. Cisco's amendment is not futile, since it poses a merits-based defense based on the publicly available information, which indicates that the Capella inventors withheld material information during prosecution of their patents. And this is Cisco's first Amended Answer, and Cisco is not engaging in serial amendment of pleadings. Therefore, Cisco respectfully requests

that the Court enter an Order granting Plaintiff leave to file this First Amended Answer to assert a claim of inequitable conduct by Capella.

Dated: January 6, 2021        WINSTON & STRAWN LLP

By: */s/ Krishnan Padmanabhan*
Krishnan Padmanabhan
David P. Enzminger
Louis L. Campbell
James C. Lin

Attorneys for Plaintiff
CISCO SYSTEMS, INC.