UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAPELLA PHOTONICS, INC.,<br><br>　　　　Defendant. | Case No. 20-cv-01858-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, FOR RELIEF FROM ORDER**<br><br>Docket No. 58 |

　　　　Pending before this Court is Capella's motion for reconsideration, or, alternatively, for relief from the Court's order granting Cisco's motion for judgment on the pleadings, Docket No. 48 (the "Order"). *See* Docket No. 58 (Mot. for Reconsideration).

　　　　Capella argues that the Court erred in its Order by assuming that collateral estoppel applied to *all* the claims in U.S. Patent Nos. RE47,905 (the "'905 Patent") and RE47, 906 (the "'906 Patent") (collectively, the "Reissued Patents."). *Id.* at 2. Capella therefore asks the Court to reconsider its Order because there are supposedly eleven claims in the Reissued Patents that correspond to claims in U.S. Patent Nos. RE42,368 (the "'368 Patent") and RE42,678 (the "'678 Patent") (collectively, the "Original Patents") that were not invalidated by the PTAB (the "Unasserted Claims"). *Id.* at 4–5. The parties do not dispute that the Patent Trial and Appeal Board (PTAB) never specifically invalidated these eleven Unasserted Claims because Capella never asserted these claims in the prior litigation involving the Original Patents. *See* Docket No. 26-3 ("'368 IPR Order"); Docket No. 26-8 ("'678 IPR Order"); Mot. for Reconsideration at 4.

　　　　The context of the Court's order, as articulated therein, made clear that the Court's order was framed around those claims which the PTAB invalidated in its final written decisions

cancelling the Original Patents: claims 1-6, 9-13, and 15-22 of the '368 Patent; and claims 1-4, 9, 10, 13, 17, 19-23, 27, 29, 44-46, 53, and 61-65 of the '678 Patent.  To the extent the Court's order might be construed to extend to any Unasserted Claims, the Court hereby clarifies the order does not so extend and that Capella was held to be barred from seeking pre-issue damages for infringement of only the asserted claims.

The Court did not address whether collateral estoppel prevents Capella from receiving pre-issue damages for infringement of the eleven Unasserted Claims.   That is a matter that may be addressed via separate motion.  Before filing any such motions, however, the parties are directed to meet and confer to resolve as many disputes regarding the Unasserted Claims as possible, taking into full consideration the reasoning of this Court's prior ruling.

In view of this clarification, Capella's motion for reconsideration or for relief from this Court's Order is **DENIED** as moot.  The hearing on the motion for reconsideration, Docket No. 58, scheduled for February 12, 2021, is **VACATED**.  The hearing on the motion to amend, Docket No. 90, will remain on the calendar.

This order disposes of Docket No. 58.

**IT IS SO ORDERED**.

Dated: February 9, 2021

_____
EDWARD M. CHEN
United States District Judge