UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CAPELLA PHOTONICS, INC.,<br><br>    Defendant. | Case No. 20-cv-01858-EMC<br><br>**ORDER DENYING DEFENDANT/COUNTERCLAIMANT'S UNOPPOSED MOTION TO VACATE INTERLOCUTORY ORDERS**<br><br>Docket No. 122 |

This case involves two patents that Defendant and Counter-Plaintiff Capella Photonics, Inc. ("Capella") accuses Plaintiff and Counter-Defendant Cisco Systems, Inc. ("Cisco") of infringing. The parties have reached a settlement of the dispute, and Capella has now filed an unopposed motion to vacate two orders: (1) an order granting Cisco's motion for judgment on the pleadings, issued on August 21, 2020, concluding that Capella could not seek damages for alleged infringement that took place prior to the reissue of the relevant patents, Docket No. 48; and (2) a claim construction order, issued on April 29, 2021, largely adopting the constructions proposed by Capella, Docket No. 119, (collectively, the "Contested Orders"). *See* Docket No. 122 ("Mot.").

For the following reasons, the Court **DENIES** the motion to vacate the Contested Orders.

### I.    LEGAL STANDARD

While appellate court vacatur of district court judgments in the context of settlement agreements should be granted only in "exceptional circumstances," *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994), district courts enjoy "greater equitable discretion when reviewing [their] own judgments than do appellate courts operating at a distance," *Am. Games, Inc. v. Trade Prod., Inc.*, 142 F.3d 1164, 1169–70 (9th Cir. 1998). Therefore, a district

court in this circuit, including in the context of mootness by settlement, may vacate one of its own judgments absent exceptional circumstances. *See id.* at 1168–69. "'Under [Federal Rule of Civil Procedure] 54(b), district courts have complete power over non-final orders' . . . and 'may vacate or revise them at any time, if doing so would be consonant with equity.'" *Automated Packaging Sys., Inc. v. Free Flow Packaging Int'l, Inc.*, No. 18-CV-00356-EMC, 2018 WL 6251051, at *1 (N.D. Cal. Nov. 29, 2018) (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 14-CV-2058 JST, 2017 WL 2481782, at *5 n.14 (N.D. Cal. June 8, 2017)). Thus, district courts conduct an "equitable balancing of the hardships and the public interests at stake" to determine whether vacatur is appropriate. *Am. Games*, 142 F.3d at 1166.

Courts in recent years have adopted the factors articulated in *Cisco Systems, Inc. v. Telcordia Technologies., Inc.*, 590 F. Supp. 2d 828, 830 (E.D. Tex. 2008), to assess whether vacatur of interlocutory orders would be equitable: (1) the public interest in the orderly operation of the federal judicial system; (2) the parties' desire to avoid any potential preclusive effect; (3) the court's resources that will be expended if the case continues; and (4) the parties' interest in conserving their resources. *See, e.g.*, *Automated Packaging Sys.*, 2018 WL 6251051, at *2–*3 (applying *Cisco* standard); *RE2CON, LLC v. Telfer Oil Co.*, No. 2:10-CV-00786-KJM, 2013 WL 1325183, at *3 (E.D. Cal. Mar. 29, 2013) (same); *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, No. CV 11-515-LPS, 2017 WL 4231572, at *2 (D. Del. Sept. 20, 2017) (same); *Contour Hardening, Inc. v. Vanair Mfg., Inc.*, No. 114CV00026JMSMJD, 2016 WL 10490508, at *1 (S.D. Ind. Feb. 23, 2016) (same).

## II.     DISCUSSION

Capella argues that all four *Cisco* factors weigh in favor of vacatur in this case. Mot. at 4–7. The Court addresses each of these factors in turn below.

A.     Orderly Operation of the Federal Judicial System (First Factor)

In granting vacatur of interlocutory orders pursuant to settlement, courts have noted "the public policy encouraging the settlement of private dispute." *Lycos, Inc. v. Blockbuster, Inc.*, No. C.A. 07-11469-MLW, 2010 WL 5437226, at *3 (D. Mass. Dec. 23, 2010). The *Cisco* court identified two additional reasons why vacatur would not impede the orderly operation of the

2

1  judicial system.  First, even if an interlocutory order is vacated, "whatever instructive or
2  persuasive guidance it may provide continues to exist." *Cisco Sys.*, 590 F.Supp.2d at 831.
3  Second, district courts' claim construction orders—and judgment on the pleadings orders, for that
4  matter—are reviewed *de novo* by the Federal Circuit, "caution[ing] parties and the public against
5  excessive reliance on any district court's construction." *Id.* at 830.
6  However, courts in this district—including this Court—have sounded concerns about the
7  "weighty policy concerns" that are raised by "allowing a patent holder to litigate issues of claim
8  construction and infringement, only to settle and obtain vacatur of any unfavorable rulings."
9  *Automated Packaging Sys.*, 2018 WL 6251051, at *2 (quoting *Zinus, Inc. v. Simmons Bedding
10 Co.*, No. C 07-3012 PVT, 2008 WL 1847183, at *2 (N.D. Cal. Apr. 23, 2008)).  As Judge Orrick
11 explained in denying vacatur of a claim construction order in *FlatWorld Interactives LLC v. Apple
12 Inc.*, "a court should not chisel out parts of the public record and the body of law merely because
13 an unsatisfied party wants to destroy the remains of its loss."  No. 12-cv-01956-WHO, 2014 U.S.
14 Dist. LEXIS 75529, at *6–7 (N.D. Cal. May 15, 2014).  Were the practice of obtaining a
15 substantive ruling and then settling on the condition that such ruling be vacated to become routine,
16 it would not only waste significant judicial resources, but could also relegate courts to playing the
17 role of oddsmakers rather than adjudicators.  Thus, this Court carefully scrutinizes requests to
18 vacate orders where the request is not based on the merits.
19 Moreover, while settlement of disputes is generally encouraged as a policy matter, the
20 Supreme Court in "*Bonner Mall* intimate[d] that denying motions to vacate claim construction
21 should actually encourage parties to settle before courts expend substantial resources on Markman
22 hearings." *RE2CON*, 2013 WL 1325183, at *5 (citing *Bonner Mall*, 513 U.S. at 28).  The result
23 sought by Capella here "would do just the opposite by encouraging litigants to test their proposed
24 claim constructions via a full-blown *Markman* hearing and decision before settling." *Automated
25 Packaging Sys.*, 2018 WL 6251051, at *2 (quoting *Allen-Bradlev Co., LLC v. Kollmorgen Corp.*,
26 199 F.R.D. 316, 319–20 (E.D. Wis. 2001)).  The same analysis applies to judgment on the
27 pleadings order: if the Court vacates its judgment on the pleadings order it would encourage
28 litigants like Capella to unnecessarily waste this Court's time testing their merits arguments before

3

1 deciding whether to settle the case.

2 Because vacatur can be abused as a mechanism for litigants to obtain a kind of trial run of
3 the merits of their patent claims without being subject to binding consequences, thus potentially
4 delaying settlement and wasting judicial resources, this factor weighs against vacatur.

5 B.     Potential Preclusive Effect (Second Factor)

6 As Capella admits in its motion, it is unclear whether the Contested Orders have any
7 preclusive effect. Mot. at 6; *see also Automated Packaging Sys.*, 2018 WL 6251051, at *2 ("'The
8 collateral or precedential value of *Markman* orders is an unsettled issue' because collateral
9 estoppel depends on whether a judgment is deemed 'final' and 'standards of finality vary by
10 circuit.'" (quoting *RE2CON*, 2013 WL 1325183, at *3–4)); *Kollmorgen Corp. v. Yaskawa Elec.
11 Corp.*, 147 F. Supp. 2d 464, 467 (W.D. Va. 2001), *dismissed sub nom. Kollmorgen Corp. v.
12 Yaskawa Elec. Corp*, 33 F. App'x 496 (Fed. Cir. 2002) ("This Court believes that a consensual
13 settlement between the parties does not constitute a 'final judgment.' Accordingly, the doctrine of
14 collateral estoppel cannot apply."). In the context of this uncertainty, courts have reasoned that
15 where settlement means "there has been no final determination [of a patent claim] on the merits,"
16 there is less reason to give interlocutory orders preclusive effect. *Cisco Sys.*, 590 F. Supp. 2d at
17 831. The *Cisco* court therefore concluded that "the parties' desire to avoid any preclusive effect
18 favor granting the vacatur." *Id.*

19 On the other hand, if the Contested Orders were to have a preclusive effect or at least serve
20 as an important precursor to preclusion, *see FlatWorld Interactives*, 2014 U.S. Dist. LEXIS 75529,
21 at *6, this factor would weigh against vacatur. Moreover, there is "logic in preventing a party
22 from taking inconsistent positions in successive cases on issues that affect important public
23 interests such as invalidity and infringement of patents." *Id.* Here, the risk of Capella taking
24 inconsistent positions in other cases is especially acute because it already has several pending
25 matters based on the same patent claims pending before this Court, including one against the
26 Cisco: *Capella Photonics, Inc. v. Cisco Systems, Inc.* ("*Cisco I*"), No. 3:14-cv-03348-EMC (N.D.
27 Cal. filed Feb. 12, 2014); *Capella Photonics v. Fujitsu Network Communications, Inc.* ("*Fujitsu*"),
28 No. 3:14-cv-03349-EMC (N.D. Cal. filed Feb. 12, 2014); *Capella Photonics, Inc. v. Tellabs, Inc.*

("*Tellabs*"), No. 3:14-cv-03350 (N.D. Cal. filed Feb. 12, 2014); and *Capella Photonics, Inc. v. Ciena Corporation* ("*Ciena*"), No. 3:20-cv-08628-EMC (N.D. Cal. filed Mar. 17, 2020.

In view of these countervailing considerations, this factor is neutral.

C. <u>Court's and Parties' Time and Resources (Third and Fourth Factors)</u>

Capella contends that vacatur advances the parties' interest in "avoid[ing] the needless waste of resources (private and judicial) that would be expended in resolving any future collateral estoppel challenge based thereon." Mot. at 1. And if denial of vacatur here meant that the parties' litigation would proceed, the Court would "most likely need to expend substantial resources to prepare and issue a post-trial opinion resolving the merits of the parties' disputes." *Forest Labs., Inc. v. Teva Pharm. USA Inc.*, No. CV 14-121-LPS, 2016 WL 3606177, at *3 (D. Del. May 25, 2016). Thus, some courts have found that resource-conservation considerations weigh in favor of vacatur.

But the Court has already been required to entertain briefing and hear oral argument not just on the judgment on the pleadings and claim construction motions, but also on Capella's motions to reconsider and certify for interlocutory appeal the Court's judgment on the pleadings order. *See* Docket Nos. 53, 58. "'The public paid for this use of court resources through its tax dollars,' and '[v]acatur would render that expenditure a waste.'" *Automated Packaging Sys.*, 2018 WL 6251051 (quoting *Zinus*, 2008 WL 1847183, at *2)); *see also Forest Labs.*, 2016 WL 3606177, at *2 ("When parties brief and argue claim construction disputes, which require resolution by the Court, it will usually be inefficient . . . to treat the Court's resolution of such disputes as a nullity by granting [vacatur]."). A further concern is that granting vacatur "would increase the possibility that other courts might be called on to expend duplicative resources in construing the terms" of the patents at issue. *RE2CON*, 2013 WL 1325183, at *5. Here, this Court faces that risk in the *Cisco I*, *Fujitsu*, *Tellabs*, and *Ciena* actions. Moreover, as noted above, allowing vacatur under these circumstances would result in fewer settlements prior to claim construction.

In any event, the parties have not demonstrated that the settlement "is expressly conditioned upon the court's granting this motion to vacate." *RE2CON*, 2013 WL 1325183, at *4.

5

Thus, it has not established that the parties and the Court would expend additional resources if this motion is denied. *Cf. U.S. Gypsum Co. v. Pac. Award Metals, Inc.*, No. C 04-04941JSW, 2006 WL 1825705, at *1 (N.D. Cal. July 3, 2006) (granting motion to vacate claim construction order where "the parties contend[ed] that the agreement to file the . . . motion was a significant factor in successfully resolving this litigation.").

On balance, these two factors weigh against vacatur.

### III. CONCLUSION

For the foregoing reasons, the motion to vacate is **DENIED**.

This order disposes of Docket No. 122.

**IT IS SO ORDERED**.

Dated: August 3, 2021

_____
EDWARD M. CHEN
United States District Judge